Smith v. Power.

---

SARAH D. SMITH, ADM'X, v. THOMASA POWER, EX'X.

That grants of land within the border or coast leagues, upon concessions to purchasers, by the State of Coahuila and Texas, unless made with the assent of the Federal Government, are void, is no longer an open question in this court; and the fact that the Federal Government had given its assent to a colonization contract, embracing the littoral leagues, within the limits of which such concession was to be located, is no proof of the assent of the Federal Government to such grant.

A series of decisions of this court, settling the construction of the local law

upon which the titles to real property largely depend, must be regarded as emphatically the law of the State; and should be binding upon this, and every other court in which these titles may be drawn in question.

Because the best interest of society, no less than the dictates of reason and natural justice, require uniformity of decision, the Supreme Court of the United States hold the local law of the State to be the law of that court, in deciding upon the rights of parties to real property within the State.

A void grant cannot constitute the basis, or a link in a chain of transfer, of title "from or under the sovereignty of the soil;" and, consequently, is not a title or color of title, under which a possession of three years will bar an action by the true owner. Though such a grant need not carry with it the paramount title, it must be valid as against the government, when tested by itself, and not tried by the title of others.

Where a defendant's possession commenced before the passage of the Statute of Limitations, a sufficient length of time, by the rule in Gautier v. Franklin, to have barred the plaintiff's cause of action, if it had been then in existence; but the defendant was not in possession ten years subsequent to the passage of the Statute of Limitations, or from the accrual of the plaintiff's right of action: *Held*, that the defence of the Statute of Limitations, as presented by the record, viz., that the defendant had held quiet and peaceable possession of the land described, using and enjoying the same for more than ten years next preceding the commencement of the plaintiff's suit, could not avail him.

Limitation does not run against the State, and, in cases like the present, it does not commence to run against a party claiming under the government, until the right accrues to the claimant.

The burden of proof is on the party who relies upon the defence of limitation. If the plaintiff rely upon a patent, from the date of which the bar of the statute is not complete, it is incumbent upon the defendant to prove the date of the plaintiff's location or survey, if material to his defence.

The lapse of time that will authorize the presumption of a grant, where there is no person claiming adversely to the party in possession? and whether ten years possession, begun or continued after the passage of the Act of Limitation, will give title against all persons but the government, precluding the right of a claimant by location made within the ten years? are questions not involved in the decision of this case, and upon which the court are not to be understood as expressing any opinion.

APPEAL from Calhoun. Tried below before the Hon. Fielding Jones.

This suit was commenced on the 3d of October, 1849, in the county of Refugio, by the appellant's intestate against the appellee's testator, to try title and recover possession of twelve hundred and eighty acres of land, situate in said county, for

which a patent was issued to the plaintiff on the 8th of April, 1841. On the 12th of March, 1850, on motion of the plaintiff, the venue was changed to the county of Calhoun.

The defendant pleaded not guilty. That the land sued for was a part of a grant of four leagues, that had been made to him and James Hewitson, by the proper authorities of the State of Coahuila and Texas, the title for which had been perfected to them according to law. Three years' possession under title. Three years' possession under color of title. And "that he has held quiet and peaceable possession of the land in plaintiff's petition described, using and enjoying the same for more than ten years next preceding the commencement of this suit; and this he is ready to verify, wherefore he prays judgment."

The plaintiff read in evidence his patent, and proved that the defendant was in possession of the land. The defendant gave in evidence the petition of James Hewitson and himself, empresarios of the colony of Hewitson and Power, to the commissioner of said colony, dated September 10th, 1834, asking that a title be given them for seven and a quarter leagues of land, (in the different surveys as designated, one of them being for four leagues,) which they stated they were entitled to, as Mexican citizens, by deed of purchase bearing date December 24th, 1829, for eleven leagues of land each, as they said was apparent from the accompanying documents. The action of the commissioner, Jose Jesus de Vidaurri, on this petition, who, on the 15th of September, 1834, after reciting that the parties were entitled to the premium or preference of locating, within the colony of which he was commissioner, that they were empresarios, and the grants of land, to the amount of eleven leagues, which the supreme government of the state, by its decree of December 24th, 1829, granted to them as Mexican citizens, awarded to them the land asked for in their petition. And also the title for the said land, made by Vidaurri, the commissioner, on the said 15th September, 1834, by virtue of his decree of that date.

The defendant proved that the land described in the plaintiff's patent, was part of the grant of four leagues made to Hewitson

and himself, as aforesaid. The plaintiff admitted that the defendant had been in possession of the land sued for from July, 1838, until the commencement of his suit. The proof showed that the land was within twelve or fourteen miles from the Gulf of Mexico, and within the bounds of the former colony of Hewitson and Power.

There was a verdict and judgment for the defendant; and a motion for a new trial, which was overruled.

*Smith*, for the appellant.

*Hughes*, for the appellee.

WHEELER, C. J.—No question is more authoritatively settled by the repeated decisions of this court, than that the consent of the federal executive of Mexico was essential to the validity of a grant of lands, of the character of the present, within the border and coast leagues. (Edwards v. Davis, 3 Texas Rep. 321; 10 Id. 316; Republic v. Thorn, 3 Id. 499; 5 Id. 410; 9 Id. 410, 556.) In the case of Smith v. Power, the parties to this appeal, (14 Texas Rep. 146,) it was held, that the grant here in question, under which the defendant claims, could not be distinguished from those which had been passed upon in former cases; and, upon the authority of those cases, it was decided, that the grant, wanting such consent, was void. That question, therefore, cannot be considered, as now, an open one. A series of decisions, continued almost from the organization of this court, down to the present time, thus settling the construction of the local law, upon which the titles to real property, in the oldest and most densely peopled portions of the state so largely depend, must be regarded as emphatically the law of the state.

The decisions of this court upon the titles to lands, have become the rule of property in this state; and as such they are binding upon this, and every other court, in which those titles may be drawn in litigation. They would be so regarded in all courts; and certainly not less so in this than in the Federal Courts.

Smith v. Power.

Upon this subject the Supreme Court of the United States have uniformly held very decided and emphatic language. (See McKeen v. Delancy, 5 Cranch, 22, 32; 5 Wheat. 293; Jackson v. Chew, 12 Wheat. 153; Davis v. Mason, 1 Pet. 505, 570, 571; 2 Id. 627, 656; 5 Id. 155, 398, 401; 6 Id. 283; 2 How. 125; 3 Id. 441; 11 Id. 668; 18 Id. 502.) They hold the local law of the State the law of that court, in deciding upon the rights of the parties to real property within the state; and upon the ground that the security of titles and the peace of society demand that the rules of property should be permanent and uniform. They follow the decisions of the state courts, upon the same principle that they adhere to their own decisions, because they settle the law applicable to the case, and because the best interests of society, no less than the dictates of reason and natural justice require uniformity of decision. The reasons are not less cogent why this court should preserve uniformity in its own decisions, on which the titles to the lands within the state depend.

The only question in the case which remains open to examination is, upon the sufficiency of the defence of the statute of limitations. The defendant pleaded the limitations of three and ten years. To render a possession of three years a bar to an action by the true owner, the defendant in possession must have held under title, or color of title, as defined in the fifteenth section of the statute. (Hart. Dig., Art. 2391.) To constitute such title, or color of title, there must be a "chain of transfer from or under the sovereignty of the soil." This necessarily presupposes a grant from the government, as the basis of such transfer. And the grant must be effectual to convey to the grantee whatever right or title the government had in the land, at the time of making the grant. It need not necessarily carry with it the paramount title; but it must be title, as against the government, valid in itself, when tested by itself, and not tried by the title of others. It must have intrinsic validity, as between the parties to it; though it may be relatively void, as respects the rights of third persons. If it be absolutely void, a nullity,

it cannot be said to be a grant, or the basis of a transfer of the title from the government. The term "grant" imports that something passes thereby from the grantor to the grantee. But if it is absolutely void, of course, nothing passes by it; it cannot constitute title, or color of title, within the provision of this section of the statute.

The consent of the federal executive of Mexico was a condition precedent to the making of the grant in this case. Wanting that consent, it was made without the authority of law, and was consequently void. (Smith v. Power, 14 Texas Rep. 146.) The present cannot be distinguished from the case of Marsh v. Weir, decided at the last term of this court, upon the construction of this provision of the statute. (21 Texas Rep. 97.) There the grant was valid in its inception, but was annulled by matter subsequent, and we held, that it did not constitute title, or color of title, within the meaning of the statute. Here the grant was void in its inception. Nothing passed by it; and we are of opinion, that it cannot constitute the basis, or a link in a chain, of transfer of title "from or under the sovereignty of the soil;" and consequently, that it is not title, or color of title, within the meaning of the law.

It remains to inquire whether the defendant is protected in his possession by the limitation of ten years. His possession commenced before the passage of the act of limitations, and a sufficient length of time to bar the plaintiff's action, by the rule in Gautier v. Franklin, which has been followed in subsequent decisions, (Power v. Smith, 14 Texas Rep. 4,) although ten years from the passage of the statute had not elapsed at the time of bringing the suit. But the plaintiff's right was not acquired, so far as appears by the record, until the 8th of April, 1841, less than ten years before the commencement of the suit. On general principles, and by the express provision of the statute, its limitation does not run against the state. And it is well settled, in cases like the present, that the statute does not commence to run against a party claiming under the government, until the right accrues to the claimant. (Lindsey v. Miller, 6

Peters' Rep. 666, 673; Chiles v. Calk, 4 Bibb, 554.) It is clear, therefore, that the defence of the Statute of Limitations cannot avail the defendant, as presented by the record. There is little doubt that the plaintiff's location and survey must have been made some time before the date of his patent, which is the 8th of April, 1841. But the date of the location and survey is not in evidence; and it devolved on the defendant to prove the date, if material to his defence. The burden of proof is on the party who relies on the defence of limitation.

In applying to this case the principle that the Statute of Limitations does not run against the government, we do not mean to be understood as expressing any opinion on the question, as to what lapse of time will authorize the presumption of a grant, when there is no person claiming adversely to the party in possession. (Herndon v. Casiano, 7 Texas Rep. 322; Paul v. Perez, 7 Texas Rep. 338.) In this case, less than three years had elapsed when the adverse claim of the plaintiff was acquired; and it is clear, that this was not time sufficient to authorize such presumption.

Nor do we mean to express an opinion upon the question, whether ten years possession begun or continued after the passage of the act of limitations, will give title as against all persons but the government, precluding the right of a claimant by location made within the ten years. In this case, ten years had not elapsed from the passage of the statute, when the suit was brought. There was not a ten years' possession under the statute.

We are of opinion, that the judgment be reversed, and the cause remanded for further proceedings.

Reversed and remanded.