WALTER LAMBERT AND OTHERS V. JAMES WEIR.

The provisions of the statute of limitations of 1841 relative to real estate
are applicable to all claimants of land, whether they claim by location,
survey or patent; and whether the claimant is asserting his title in the
character of a plaintiff or that of a defendant.

It seems that the second section of the act of January 19th, 1839, defining
the duties of recorders, (Hart. Dig., art. 2761,) was applicable only to
copies of instruments which at the date of the act remained in the public
archives, which, upon authentication by the proper officers in charge of
them, could be recorded; and that this section did not permit instruments
then in private hands to be recorded on the faith of certificates made by
officers of the pre-existing government.

*Quære?* Whether the thirty-ninth section of the act of December 20th,
1836, (Hart. Dig., art. 2375,) is still in force, or was it repealed by the
statute of limitations of 1841?

When a plea has been treated by the court below, and by the parties, as suf-
ficiently presenting a particular issue, and evidence pertinent to the issue
was excluded by the court below, its exclusion cannot be justified in this
court on the ground that the plea was not sufficient to present the issue.

A testimonio for land within the littoral leagues, though void both as title
and color of title, on account of the want of assent of the federal execu-
tive of Mexico, was still admissible in support of a plea of the statute of
limitations for the purpose of showing the extent of the adverse possession
claimed under it.

The defendants having pleaded the ten years statute of limitations, it was
error to exclude depositions offered by them which tended to prove their
adverse possession as alleged in their plea, although the sufficiency of the
depositions to establish the fact, or the extent of such possession, may have
been questionable.

APPEAL from Victoria. Tried below before the Hon. Fielding
Jones.

Trespass to try title, brought by the appellee, James Weir, in
the District Court of Refugio county, to recover from Walter
Lambert and fourteen other defendants one-third of a league of
land.

The petition was filed on the 30th day of May, 1856. The
presiding judge, being disqualified to sit in the case, the venue
was changed by agreement to Victoria county.

The defendants pleaded a general denial, and the limitations of three, five and ten years. Their plea of five years limitation (based apparently on art. 2375 of Hart. Dig.,) was as follows: "And for further answer said defendants say *actio non*, because they say that they and each of them, and him, her or them under whom they claim and hold, had and held adverse, peaceable, continuous and uninterrupted possession for five years and more before the commencement of this action, of the land and premises in the petition mentioned, under color of title duly proven and recorded; and this they are ready to verify."

To this plea an exception for insufficiency was taken and sustained, and the defendants amended by inserting after the words "claim and hold" the phrase, "being citizens of the late Republic of Texas."

The cause came to trial at the August Term, 1859, when the plaintiff evidenced his title by a transcript from the general land office of a headright certificate for one-third of a league of land, issued by the board of land commissioners of Bexar county to A. M. Berry, assignee of Juan Garcia, and bearing date February 23d, 1838; and also of a survey under said certificate, made on the 17th of January, 1840; together with that of an assignment or transfer made by Garcia to Berry, on the 24th of April, 1837. By a transcript from the County Court of Harris county, the plaintiff showed the transmission to himself of Berry's title by administrator's sale, confirmed by the court, and concluded by deed from Berry's administrator in July, 1851.

The defendants offered in evidence a testimonio granted to James Power and James Hewitson by the commissioner, Jose Jesus de Vidaurri, for seven and a quarter leagues of land, dated in September, 1834, and comprising the quarter league in controversy. A more particular description of this instrument will be found in 23d Texas Reports, page 31. It was issued for a portion of the claim of Power and Hewitson, adjudged to be void in the case of Smith v. Power, 14th Texas Reports, 146. The concluding clause of the testimonio was, in translation, as follows: "This is a copy of the original which exists in the record books of this town of Refugio, whence at this day I, said commissioner, have

Lambert v. Weir.

caused it to be taken truly, in two useful leaves of the correspond-
ing seal, acting with those of my assistance, of which I certify.
(Signed)                    "Jose Jesus de Vidaurri.
"Ass :
"John Dunn,
"Joshua Davis."

Endorsed upon the testimonio was a minute of the county clerk
of Refugio county of its file for record May 7th, 1840, and of its
record May 16th, 1840.

In offering the testimonio, the defendants avowed their purpose
to be to "use the same as color of title under the act of limitation
of 1836, and to show boundary and the extent of possession under
the 14th section of the act of limitations of 1841." The plaintiff
objected to its admission, for several reasons, and among them that
"there is no plea to sustain the evidence for the purposes for
which it is offered," and also because "the document offered has
not been recorded in accordance with law." The court sustained
the objections and excluded the testimonio, to which the defend-
ants excepted.

A translation of the testimonio was in like manner offered by
the defendants, and was excluded upon the same objections.

Defendants then offered the depositions of John Hynes and two
other witnesses, taken for the purpose of proving possession and
acts of ownership by James Powers and the defendants claiming
under him, from 1837 to the institution of the suit. The plaintiff
objected to their introduction, "on the ground that they were
irrelevant, there being nothing to which they could apply, and the
court sustained the objection on the same ground upon which ob-
jection was sustained to the testimonio." Defendants excepted.

Verdict and judgment for plaintiff; new trial refused, and de-
fendants appealed.

*Robert Hughes*, for the appellants.

*A. H. Phillips*, for the appellee.

MOORE, J.—The ground upon which the evidence offered by the appellants, who were the defendants in the court below, was excluded, is not very apparent, and no sufficient reason has been presented to us to sustain the ruling. It is stated by the appellants, that the testimony was excluded by the judge who presided upon the trial of the cause in the District Court upon the hypothesis that the plaintiff's right to the land in controversy not having matured into a patent, he was not invested by law with a "right of entry," and could not, consequently, be barred of his right of action for its recovery by a failure to make entry upon it within ten years next preceding the commencement of his suit. But it certainly cannot be insisted since the passage of the act of limitations of February 5th, 1841, which gave a right of action upon a location or survey, however plausibly it may have been urged previous to that time, that the defence of limitation might not be as effectually maintained against an equitable right of this kind, as against a complete legal title. Public policy required, alike for the future growth and prosperity of the country, and for the protection and security of the actual settlers and occupants of land, that all disputes with reference to titles should be brought to as speedy a termination as was consistent with the due administration of the law, and the conservation of the rights of those claiming under adverse and conflicting titles. The claimant of land by virtue of a location or survey, is not required within any definite period to obtain a patent, and if by refraining from doing so, he may relieve himself from the bar of the statute operating upon those who fail to make entry within ten years from the accrual of their right, he may effectually in this particular defeat the object and policy of the law. Such a construction would, also, lead to the singular conclusion that a party with a complete legal title might be precluded from a recovery, by the lapse of time, which would be inoperative against another having only an equitable right, though made by the statute of limitations as effectual as a cause of action as a patent. And that while possession under the location will bar the right of entry of the holder of the legal title, the possession of the latter would be wholly inoperative under the fourteenth section of the statute, at least against a mere

Lambert v. Weir.

location or survey. A construction of the statute that leads to such results, evidently can not be correct. Unquestionably the legislature by this law placed in the same category the owner of the land, whether he claimed by location, survey or patent, or was asserting his title in the character of a plaintiff or defendant.

It would appear however, from appellee's brief, that the testimony was excluded for its want of pertinency to appellants' pleas. But this it is evident was equally erroneous. Although, after the exclusion of the testimonio upon which appellants relied as color of title under their plea of limitations under the statute of 1836, (Hart. Dig., Art. 2375,) and as evidence of the extent of their adverse possession, they could, by proof of their continued hostile possession for ten years next before the commencement of the plaintiff's suit, have only precluded a recovery to the extent of their actual occupation, (unless they can call to their aid the 17th section of the act of limitation of 1841, to give them constructive possession to the extent of six hundred and forty acres ;) yet for this purpose the depositions offered by them should have been permitted to have gone to the jury for their consideration. The testimony is no doubt justly subject to much observation. But its sufficiency to establish the continuity of the appellants' possession for the full period of ten years, next before the bringing of the plaintiff's suit, was a matter for the exclusive consideration of the jury. It assuredly cannot be said that the depositions did not tend to prove the fact, or were impertinent to the issue in this particular, and were therefore properly excluded by the court.

Whether the testimonio offered as evidence by the appellants was admissible for the purpose for which it was presented, or whether it was sufficiently authenticated to entitle it to be read, are questions of more difficulty. But as some of the views entertained by the court with reference to them, were not here discussed by counsel, we will at present refrain from giving an authoritative opinion upon them. We will suggest, however, with reference to them, that we incline to the opinion that the testimonio was, under the former rulings of the court, not admissible in evidence without proof of its execution. This seems to have been the general rule adopted by the court since the case of Titus

v. Kimbro, 8 Tex., 210.   The appellants appear to have claimed the right to read it as a deed or instrument duly recorded, whose execution therefore it was unnecessary for them to prove.   But the question arises, has it been duly recorded?   Does it come within the purview of the second section of the act of January 19th, 1839, entitled "an act better to define the duties of recorders." (Hart. Dig., Art. 2761.)   The phraseology of this law seems to indicate that it was intended thereby to provide for the record of copies of instruments then remaining in the public archives, and which should be authenticated by the certificate of the officers then in charge of them.   These instruments could not be withdrawn from their place of deposit, to be proved and recorded in the proper county.   But the fact that they remained among the public archives, which was manifest by the certificate of the officer in charge of them, was sufficient evidence of their authenticity to admit to record the copy.   It would hardly comport with the object apparently in contemplation of the legislature, to permit instruments already in private hands, and whose genuineness and authenticity might therefore have been established, and the proper record of them made, thus to be used on the faith of certificates by officers of the former government, merely because the originals might properly have become a part of the public archives.

It is admitted that it is settled by repeated decisions of this court, that the grant under which appellants claim is inoperative to convey title.   And it has been decided in the case of Smith v. Power, 23 Tex., 29, that it does not constitute color of title under the fifteenth section of the statute of limitation of 1841.   But appellants insist that it constitutes color of title within the meaning of the thirty-ninth section of the act of December 20th, 1836, to organize the inferior courts, &c.   (Hart. Dig., Art. 2375.) Color of title as used in the statute last referred to, is not defined in the law, as is the case in the act of 1841.   Whether, however, we take the common or civil law as our guide in ascertaining the meaning of this term, it would seem to be applicable to such a title as the one before us.   (See Ang. on Limit., sec. 404, *et seq.*, and cases there referred to ; also Sanchez v. Gonzales, 11 Mart., 207 ; Provost's Heirs v. Johnson, 9 Mart., 123.)   It may perhaps

be questioned whether this section of the law of 1836 was not repealed by the act of limitation of 1841. Certainly any fair or reasonable construction that can be given to the term "color of title," as used in the first of these laws, would include "deeds duly recorded," if not also other evidences of title of an inferior grade. Yet under the last law, other requisites besides those necessary under the first are required to complete the bar, where possession is held under recorded deeds. If the law of 1836 is still in force, as seems to be maintained by appellants' counsel, the sixteenth section of that of 1841 would appear to be unnecessary and nugatory, unless it should be held, though the difference in their language would hardly justify such a construction, that the latter gave title, while the former only barred a recovery.

Appellee alleges that the evidence of title offered by the appellants was also properly excluded, because their answer did not present the issue contemplated by the law of 1836, upon which they rely. And perhaps it may be in some respects defective; but as the plea as amended was treated by the parties and the court as sufficient, this should not be held here a proper ground for the exclusion of the evidence.

Whatever doubt there may be, however, as to the admissibility of the testimonio offered in evidence by the appellants, if properly authenticated, as color of title under the statute of 1836, it must be conceded as fully settled by a number of decisions of this court, that it could be legitimately used for the purpose of showing the extent of appellants' adverse possession. (Wofford v. McKinna, 23 Tex., 36; Charle v. Saffold, 13 Tex., 94; Dangerfield v. Paschal, 11 Tex., 579; Jones v. Menard, 1 Tex., 771; Moody v. Flemming, 4 Ga., 115; Conyers v. Kenan, Ibid., 308; Pillow v. Roberts, 13 How., (U. S.) 472.)

For the error of the court in excluding the depositions offered in evidence by the appellants, the judgment is reversed and the cause remanded.

Reversed and remanded.