[Opinion adopted November 6, 1882.]

---

T. R. BUFORD v. T. BOSTICK ET AL.

(Case No. 1098.)

1. STATUTES CONSTRUED.— Art. 2253, R. S., which makes the certificate of the commissioner of the general land office, of the existence of facts contained in papers, documents or records of his office, evidence, whenever the papers, documents or records would be, provides for *ex parte* evidence, and should not be construed to extend beyond the plain import of its language. That article does not authorize

a certificate as to what has not been done in the land office; but when a copy of the record, document or paper is not given, the certificate should be confined to a statement of the fact or facts contained therein.

2. LEADING QUESTION.— A witness examined by interrogatory for depositions was asked, "In making the survey that you speak of, if you speak of any, say *whether or not* you found all the objects, bearing trees, etc., called for in the Mary Hamilton survey, at the places mentioned in her survey." *Held,*

(1) The question was clearly leading.

(2) Though not expressly decided, the opinion clearly intimated that the objection was one to the form or manner of taking the deposition, and should have been reduced to writing and notice thereof given, before the trial of the case began.

3. LIMITATION — STATUTES CONSTRUED.— Construing the fifteenth section of the act of limitations of February 5, 1841, and the twenty-third section of the same act (Pasch. Dig., art. 5303), *held,*

(1) Although a pre-emption claim might be, in the language of the act, such "evidence or right to land, recognized by the laws of this government," as would maintain trespass to try title, yet, until perfected, it is neither such title or color of title as can support limitation.

(2) Such claim is not in terms within the statute, being neither that regular chain of title from and under the sovereignty of the soil which constitutes title, nor a "certificate of headright, land warrant, or land script," which constitute some of the statutory examples of color of title.

APPEAL from Delta. Tried below before the Hon. Green J. Clark.

Action of trespass to try title to three hundred and twenty acres of land lying in Delta county, and for rents, instituted by appellants on the 1st day of June, 1874. The claim of appellants to the land in controversy was based upon a special act of the legislature requiring the commissioner of the general land office to issue to the heirs of Mary Hamilton, deceased, a headright certificate for twelve hundred and eighty acres of land, approved August 29, 1856. The certificate, bearing the fractional number 4881–4982, was issued by the commissioner on the 29th of August, 1856. On the 29th day of May, 1858, it was sold to T. R. Buford and M. L. Patton, two of the plaintiffs, by the heirs of Mary Hamilton, and conveyed by deed of that date. W. R. Buford, the other plaintiff, owned an undivided one-half locative interest in the lands sued for.

Part of this certificate was located, as plaintiffs insisted, on the land sued for, and was surveyed by the surveyor of Hopkins county November 19, 1858. And the certificate and field notes were returned to and filed in the general land office on the 6th day of January, 1859.

The defendants pleaded not guilty, and that the survey of plaintiffs was void and illegal, because the survey was not made on the ground, nor its boundaries and location so described in the field notes thereof as to designate and identify it from the vacant public

domain; nor were the corners and lines plainly marked upon the ground, or so described in the field notes as to give notice that the land had been severed from the public domain; and that defendants, without notice, pre-empted it and made it their homestead.

The defendants, in separate pleas, claimed improvements made in good faith. And the defendants, G. M. Terrell and F. Herrin, in addition to their plea for improvements, pleaded specially and separately that they were innocent purchasers from the state of Texas, for a valuable consideration, fully paid, in good faith, without notice of plaintiffs' claim to the portions of land claimed by them respectively, and to which they had patents. The last two named defendants also pleaded and relied upon the statute of limitation of three years.

All the defendants claim the lands respectively occupied by them by reason of pre-emption surveys made in 1871-2 and in 1873.

Plaintiffs, by first supplemental petition, denied all the allegations set forth in each and all of defendants' answers, and upon the issues thus formed the cause was tried by a jury. General verdict for the defendants, upon which the court entered judgment.

On the trial the court charged the jury as follows:

"If they believe, from the evidence, that the defendants, G. M. Terrell and F. Herrin, more than three years next before the 1st day of June, 1874, located and filed pre-emption claims upon the lands mentioned and described by them in their respective pleas of limitation, and that they occupied, used, cultivated and enjoyed the same continuously, under and by virtue of their respective pre-emption locations, for a period of three years next before the 1st day of June, 1874, and that they obtained patents from the state for the said lands so claimed by them, before the commencement of this suit, viz., the 1st day of June, 1874, then, and in that event, the plaintiffs' right to recover, as against the said defendants, G. M. Terrell and F. Herrin, would be barred by the statute of limitations, and the jury should find for said defendants, Terrell and Herrin."

This charge was assigned as error.

Other errors assigned are apparent from the opinion, which contains enough of the facts to be understood without further statement.

*Sam J. Hunter,* for appellants

*Seth W. Stewart* and *J. A. B. Putman,* for appellees.

BONNER, ASSOCIATE JUSTICE.— This case has been previously before this court, 50 Tex., 371. The first assigned error, with the accompanying statement, are as follows:

*First.* "The court erred in excluding that part of J. J. Groos' certificate stating that the certificate and field notes of the Mary Hamilton survey had not been withdrawn from the general land office since filing, so far as the records of said office showed."

### STATEMENT.

As part of the commissioner's certificate to a copy of the original certificate and field notes of the Mary Hamilton survey, said commissioner added: "and I do further certify that the said certificate and field notes have never been withdrawn, as far as the records of this office show, since the date of filing, January 6, 1859.

"J. J. GROOS, Com'r."

This certificate, along with the copies to which it was attached, was offered in evidence by the plaintiffs, and was excluded by the court.

The fourth assigned error and statement are as follows:

" The court erred in excluding the certificate of Rhoads Fisher, chief clerk of the general land office."

### STATEMENT.

The certificate is as follows:

"GENERAL LAND OFFICE,
"AUSTIN, July 10, 1874.
"DELTA COUNTY.

"Mary Hamilton 320-acre survey, No. 54, begins at the S. E. corner of James Russell, and running thence south, west, north and east. There being no James Russell survey returned or represented on map, in the described neighborhood, said Hamilton survey was represented as connected to John Russell's survey, covering the I. Ruble. By a late examination of the old, now canceled, field notes of A. Skidmore's survey, it was found that said field notes call for both the James Russell and Mary Hamilton surveys, describing the same bearing trees given in Mary Hamilton's field notes for her N. W. corner. Both surveys being now properly located, it was found that the I. Ruble survey covered the ground of the James Russell survey, called for in said M. Hamilton's field notes, and that Mary Hamilton covers the following surveys: G. M. Terrell, patented; F. Herrin, patented; Ira J. Tichnor and J. C. C. Fry, all of them of a later date than the said Hamilton survey.

"I, Rhoads Fisher, chief clerk of the general land office, do hereby certify that the above is a true and correct statement of the condition of the Mary Hamilton 320-acre survey, as shown by the map and field notes in use and on file in this office.

"In testimony whereof I have hereunto signed my name and affixed my official seal, the date first above written.

[SEAL.]　　　　　　　　　　　　　　"RHOADS FISHER,

"Chief Clerk and Acting Commissioner."

The only objection offered to this certificate was, that the "facts sought to be proven thereby are not such facts as may be proven by such certificate."

These two alleged errors will be considered together.

The statute provides that it shall be the duty of the commissioner of the general land office (which duty, in certain contingencies, devolves upon the chief clerk) to furnish a copy of any paper, document or record in his office, or to give a certificate under the seal of his office, certifying to any fact or facts contained in the papers, documents or records of his office, to any person applying for the same, which copy or certificate shall be received in evidence in all cases in which the originals would be.　R. S., art. 2253.

The statute, though intended as a cheap and convenient method of obtaining certain testimony, and should be upheld in a proper case, yet being *ex parte* in its character, and to some extent admitting the conclusion of the officer, should not be extended beyond its plain import.　It does not authorize a certificate of what has not been done in his office, or an argument or deduction from certain assumed premises; but when not a copy of the paper, document or record itself, it should be confined to the fact or facts contained therein.

We do not think that the court erred in rejecting the evidence offered.

The third assigned error and statement are:

"The court erred in excluding ninth interrogatory and answer of W. W. Barker."

STATEMENT.

"Int. 9th. In making the survey that you speak of, if you speak of any, say whether or not you found all the objects, bearing trees, etc., called for in the Mary Hamilton survey, at the places mentioned in her survey."

"To the ninth interrogatory he answers, etc., 'I did.'"

This was objected to because the interrogatory is leading, and calls for a conclusion and opinion of the witness.

This interrogatory was clearly leading. Whether, as questioned in the case of Lee v. Stowe, decided at the present term, it was not such character of objection — to the form of the deposition or manner of taking — as should be presented in writing, and notice given before the trial commences (R. S., art. 2235), need not be decided in view of other errors assigned. The court, however, is strongly inclined to the opinion that the practice which has prevailed, in some districts at least, to permit such objections to be, for the first time, raised orally on the trial, is not the correct one; and that in future trials the statute above referred to should be construed to embrace this character of objection. When the witness is personally on the stand, and leading questions are, without objection, permitted to be asked and answered, this objection to the interrogatory is usually taken as waived. If made, it can, in such cases, be readily obviated by change in the question. Not so when the testimony is by deposition and the trial in progress, and when possibly the witness may be dead or his whereabouts unknown. A fair practice would require that such objection be taken and filed at the time the cross-interrogatories, if any, are filed.

The fifth assigned error, and statement thereunder, are:

*Fifth.* "The court erred in admitting in evidence the affidavits of G. M. Terrell and F. Herrin, made before J. M. Ashcroft, as a basis of title to their patents, or as a basis of limitation, or for any other purpose."

STATEMENT.

Plaintiffs' survey was made November 19, 1858. The certificate and field notes were filed in the general land office January 16, 1859. Defendants Terrell and Herrin made their pre-emption affidavits January 10, 1871. Surveys made August 16, 1871. Terrell's patent issued March 27, 1874. Herrin's patent issued March 24, 1874. Suit was instituted June 1, 1874. From this statement it will be seen that neither were the surveys made, nor were the patents issued, more than three years next before the institution of the suit.

As this testimony, for the purposes of this opinion, could have been material only in connection with the defense of limitation of three years founded upon it, the above will be considered in connection with the ninth assigned error, that "the court erred in giving in charge to the jury the law of limitation of three years. There was no evidence in the case requiring or permitting it."

Upon this issue the court charged the jury:

"If they believe, from the evidence, that the defendants, G. M.

Terrell and F. Herrin, more than three years next before the 1st day of June, 1874, located and filed pre-emption claims upon the lands mentioned and described by them in their respective pleas of limitation, and that they occupied, used, cultivated and enjoyed the same continuously, under and by virtue of their respective pre-emption locations, for a period of three years next before the 1st day of June, 1874, and that they obtained patents from the state for the said lands so claimed by them before the commencement of this suit, viz., the 1st day of June, 1874, then, and in that event, the plaintiffs' right to recover, as against the said defendants, G. M. Terrell and F. Herrin, would be barred by the statute of limitation, and the jury should find for said defendants, Terrell and Herrin."

The three years' statute of limitations reads, that "every suit to be instituted to recover real estate, as against him, her or them in possession under title or color of title, shall be instituted within three years next after the cause of action shall have accrued, and not afterwards. . . . By the term title, as used in this section, is meant a regular chain of transfer from or under the sovereignty of the soil; and color of title is constituted by a consecutive chain of such transfer down to him, her or them in possession, without being regular; as if one or more of the memorials or muniments be not registered; . . . or when the party in possession shall hold the same by a certificate of headright, land warrant or land script, with a chain of transfer down to him, her or them in possession," etc.    Pasch. Dig., art. 4622.

This is the fifteenth section of the act of limitations of February 5, 1841.    Laws Rep., vol. 5, 163.

It is not so comprehensive in its enumeration of the kinds of title which will support limitation as is the twenty-third section of the same act, in regard to those which will maintain trespass to try title (Pasch. Dig., art. 5303), which provides "that all certificates for headrights, land script, bounty warrants or any other evidence of right to land, recognized by the laws of this government, which have been located or surveyed, shall be deemed and held sufficient title to authorize the maintenance of actions of ejectment, trespass, or any other legal remedy given by law."

By a familiar rule of construction, the addition, in the latter section of the same act, of the words "or any other evidence of right to land recognized by the laws of this government," would indicate that, to this extent, a different character of title would maintain an action of trespass to try title from that which would support the three years' limitation.

Although, under the twenty-third section, a pre-emption claim would be such " evidence of right to land recognized by the laws of this government " as would maintain trespass to try title, yet we are of opinion that, until perfected, it is neither such title or color of title as was intended by this statute should support limitation. It is not in terms within the statute, being neither that regular chain of title, from and under the sovereignty of the soil, which constitutes title, nor a " certificate of headright, land warrant or land script," which constitutes some of the statutory examples of color of title. Although these terms may be but examples, yet they all embrace such character of claim as show an already existing right to land. Title or color of title to support a statute, prescribing so short a period of limitations, should come within its terms or plainly within its spirit. A pre-emption claim, until perfected, is not a title defeasible upon the non-performance of conditions subsequent, but is a mere inchoate right which may ripen into a perfect title upon the performance of certain conditions precedent. Neither is it an already existing and certain demand for land, issued by the government upon an executed consideration, as a certificate of headright, land warrant or land script, but is a mere privilege or right of possession, sufficient under the statute, as against all but those holding under a superior right or title, to maintain trespass to try title, but not sufficient to defeat this superior right or title by limitations. Sutton v. Carabajal, 26 Tex., 500.

We are of opinion that the charge complained of was erroneous, and demands a reversal of the judgment as to the two defendants, Terrell and Herrin.

The eleventh assigned error relates to all the defendants, and is that " The verdict of the jury is contrary to and against the evidence. There was full and undisputed evidence identifying the land as plaintiffs': the survey and date of survey; the return to and filing of the certificate and field notes in the general land office within the time required by law; and the jury have evidently either misunderstood the charge, or made some gross mistake in their consideration, that resulted in the verdict they found."

This assigned error is fully sustained by the facts, and the court below should have promptly granted a new trial, the refusal of which is also assigned as error. Buford v. Bostick, 50 Tex., 371.

That certain entries in the general land office show that the survey under which the plaintiff claims was made in Delta county, and therefore inconsistent with the claim that it was made in Hopkins county, is, we think, susceptible of an easy and satisfactory

solution, as Delta county was subsequently taken off Hopkins county.

For the errors above indicated, the judgment is reversed and the cause remanded.

REVERSED AND REMANDED.

[Opinion delivered November 17, 1882.]