## P. H. CLARK v. ELI SMITH.

SUPREME COURT, AUSTIN TERM, 1883.

*Pre-emption.—Statute of Limitation.* —Under a pre-emption claim a party cannot avail himself of the three or five years limitation to land already held by a private individual under a patent, or a location and survey upon which he was entitled to a patent.

*Same—Rents—Taxes —* In order to defeat a plaintiff's claim for rent by proof of the plaintiff's failure to pay taxes, the defendant must not only show that he has actually paid all taxes, but affirmatively show that plaintiff has failed to pay them.

*Same.—*The mere absence from the record of evidence that defendant failed or not to pay the taxes, raises no presumption in law that he has not paid all the taxes regularly.

Appeal from Tarrant county.

This is an action of trespass to try title brought by appellee against appellant in 1877, claiming 640 acres of land known as the W. L. Mann head right survey. Appellant answered, disclaiming title and possession of all except the P. H. Clark 160 acres pre-emption survey, claiming that in January 1877, he legally pre-empted that, and prayed for removal of cloud, etc. But in his last amended answer he revoked his disclaimer as to 160 acres more, known as the Headley Smith pre-emption survey and set up title to that by purchase from H. Smith and wife by deed in 1878, and that Smith had legally preempted the same in September, 1871. Appellee replied that he had bought from H Smith, his improvements and claim in 1865 and had from that time been in possession as owner. Eli Smith died and Stephen Terry, his administrator, came in as plaintiff and claimed rents. Defendant below set up various causes of nullity of the certificate on which plaintiff's patent issued, and plead the statute of limitations of three and five years and suggested valuable improvements. Judgment was rendered for plaintiff for all the land and balanced rents against improvements, from which judgment plaintiff appeals, and assigns as error, the action of the court in not sustaining his plea of the statute of limitations; in not allowing defendant pay for his improvements; in not vacating patent under which plaintiff claims; that the action of the court of claims was binding on the holder of said certificate; presumption of abandonment; laches and negligence.

Opinion by West, J.

The appellant, under the previous decisions of the court, could not, under his pre-emption claim, avail himself of the three or five years statute of limitation. No right of pre-emption could be acquired in land already held by a private individual under a patent or a location and survey upon which he was by law entitled to a patent. Such pre-emption right can only attach to an actual occupation in accordance with provisions of the law of vacant land belonging to the State, and subject to pre-emption. (Sutton v. Carabajal, 26 Tex., 500; Buford v. Bostwick, (Tyler) 1882 58 vol. Tex. R. p. — .)

The previous location and survey, made by virtue of the W. S. Mann certificate, was legal and proper. The certificate was in the surveyor's hands when the location and survey was made, and was duly returned to the Land Office and there remained, except during the short period of time, in which it was, no doubt by the authority and the direction of the Commissioner of the General Land Office, filed in the office of commission of claims, for examination and approval.

We do not think any of the many objections to the validity of the original certificate issued to Mann, or to the survey or patent issued by virtue of it, are well taken.

Though the conditional certificate was not in the General Land Office (1 Vol. Pas. Dig. Art 4309) yet the recitals in the body of the unconditional certificate, show that it was really issued by the board of land commissioners, on sufficient proof.

This proof, after such a lapse of time, we must conclusively presume was that of the two credible witnesses required by law, and complied sufficiently with the provisions of Art. 4310, Vol, 1 Pas. Dig., (page 117) and dispensed, under the circumstance, with the necessity of the further proof that the conditional certificate was actually in the General Land Office.

These views are well sustained by authority of Hamrick v. Jackson, 55 Tex. 32; Gullett v. O'Connor, 54 Tex., 416; Johnson v. Eldridge, 49 Tex., 507; O'Neil v. Manning, 48 Tex., 407, Todd v. Fisher & Miller, 26 Tex., 240.

Were this not sufficient (as we feel sure that it is) to establish the genuineness and legality of the certificate in

question, we are of opinion that it is rendered good by the 1st section of the act of December 15, 1859, providing for the issuance of patents, on all genuine headright certificates, not previously presented to the commissioner of claims for approval. (1 Vol. Pas. Dig., Art. 1148.) It is true that the record shows that this headright claim was presented to the commissioner of claims for approval, but as he neither approved nor disapproved of it, by this act it was placed practically on the same footing as other genuine headright claims that had not been passed on by him. This presents an entirely different case from that of Durrett v. Crosby, 28 Tex., 688. In that case the certificate had been disapproved by the commissioner of claims, and the petition prayed for a writ of *mandamus* against the commissioner G. L. O.

The law provides that all genuine headright certificates, like the one under consideration, that have been legally issued and properly reported to the proper officers, shall be recognized, and patents be issued on them.

In this case, the patent was lawfully issued, and vested the fee to the land in suit in the patentee, under whom the appellee holds. The district court also decided that the use and occupation of the land was equal in value to the improvements, and therefore allowed appellant nothing for them. To this decision he objects, because it was proved that appellant paid all taxes due on the land in suit regularly, and there was no proof made by appellee that he paid any taxes On this subject this court has held, that in order to defeat the plaintiff's claim for rent by proof of the plaintiff's failure to pay taxes, the defendant must not only show that he has actually paid all taxes, but also show, affirmatively by proof, that the plaintiff has failed to pay them.

The mere absence from the record of all evidence whatever on the question as to whether the appellee paid the taxes on the land in question or not, does not afford the slightest presumption in law that he has not in fact paid all the taxes regularly. (Pope v. Davenport, 52 Tex., 221 ; Miller v. Brownson, 50 Tex., 597.)

There is no error in the judgment and it is affirmed.