F. BESSON ET AL. v. E. A. RICHARDS.

Decided June 18, 1900.

1. Boundary Line—Construction of Calls.

Upon an issue of boundary the trial court did not err in concluding from the facts and circumstances shown, and in the absence of evidence as to how the original survey was made, that a call for the line of an adjoining survey, which line was ascertained and fixed with certainty, should prevail over a call for distance which, if followed, would make a shortage in the quantity of land called for in the grant.

2. Same—Plat as Evidence.

Upon an issue of boundary it was not error to admit in evidence, in connection with the testimony of a surveyor who had run out the line, and as explanatory thereof, a plat of the survey in controversy as made by him; and that such plat was inaccurate in part did not render its admission prejudicial where the trial was by the court and the other evidence in the case was sufficient to sustain the judgment.

3. Limitations—Color of Title—State School Land Purchase.

The inchoate right of one whose application for the purchase of State school land has been accepted, and where the acquisition of title to such land depends upon its actual occupancy by such purchaser for a period of time yet unexpired, is, like that of a pre-emptor, not such color of title as will support the statute of limitation of three years.

4. Same—Title Under Void Location on Older Grant.

One whose title is derived by virtue of the location of the certificate upon land already titled or equitably owned under color of title from the State, has neither title nor color of title within the purview of the statutes of limitation, since such location is rendered absolutely void by the inhibition of the Constitution, article 2, section 14.

5. New Trial—Absence of Counsel.

A new trial was applied for by one of several defendants, and by motion not sworn to, upon the ground of the absence of the mover's attorney because of sickness. The judgment recited that "the parties appeared and announced ready for trial," and the record showed that the mover was represented on the trial, as the exceptions to the admission of evidence appeared to have been made by all of the defendants, and the motion did not show affirmatively that any of the defenses relied on by the mover were not fully developed on the trial. Held, that there was no error in refusing the motion.

APPEAL from Harris. Tried below before Hon. JOHN G. TOD.

F. F. Chew, Sr., for appellants Besson.

G. H. Pendarvis, for appellants Cole and others.

Ewing & Ring, for appellees.

PLEASANTS, ASSOCIATE JUSTICE.—This is a suit for the recovery of land brought in the form of an action of trespass to try title. There are only two questions in the case, one of boundary and the other of limitation. If the land sued for is within the boundaries of the Talcott Patching survey the title to the same is in appellee, and judgment therefor was properly rendered in his favor, unless the appellants Cole and

Parish have acquired title by limitation to the portions of said land claimed and occupied by them respectively.

Succinctly stated, the following are the material facts in the case: Appellee proved title to the Talcott Patching grant, except as to certain parts thereof which had been previously sold by him, and which do not embrace any part of the land in controversy in this suit. The field notes of the Patching survey are as follows: "7,350,000 square varas of land, situated and described as follows: In Harris County, between the waters of the San Jacinto and Cedar Bayou, west and adjoining Geo. Ellis' tract of land, east of and adjoining Geo. White's tract and S. Rice's survey; beginning at said Rice's southeast corner, a stake and mound in the prairie; thence north 4200 varas to a stake and mound in the prairie on Geo. White's east boundary line; thence north 80 deg. east 500 varas to Geo. Ellis' northwest corner; thence south 10 deg. east 5100 varas to a stake and mound in the prairie, on the north boundary line of a survey made for Jesse Whiting; thence south 80 deg. west 3110 varas to a stake and mound in the prairie on the north boundary line of Jones' survey; thence north 1295 varas to a stake and mound on the south boundary line of Rice's survey; thence east 1850 varas to the beginning."

The land in controversy lies west of and adjoining the George Ellis survey, and consists of two 640-acre tracts, which were located in 1886 under certificates issued to the Gulf, Colorado & Santa Fe Railway Company. Survey No. 1 was patented by the State of Texas to Thompson and Donnan, assignees, on the 18th day of May, 1887, which title is now owned by the appellants Martha Besson and Fontaine Besson. Survey No. 2, claimed by the appellants Parish and Cole, was purchased from the State by one Alfred Martin on December 31, 1894, under the provisions of the Act of April 1, 1887, and the several acts amendatory thereto, providing for the sale of school lands. Martin transferred the land to W. C. Cole on March 15, 1895. The interest on the purchase money was duly paid, and the purchaser's account on the books of the Land Office at the time of the institution of this suit, and at all times subsequent thereto, has been in good standing. Proof of occupancy by Martin and Cole was duly filed in the General Land Office on January 13, 1898. Cole moved upon the land in February or March, 1895, and has ever since lived on it. His improvements are near the west line of the section. He has 38 acres in cultivation, which is a part of the 80-acre tract claimed by him in his answer. On July 8, 1898, Cole and wife conveyed 560 acres of this section to appellant Parish, which is the land claimed by said Parish in this suit.

The west line of the George Ellis survey is an unmarked prairie line, but its location can be definitely ascertained and fixed from the other calls of said survey. The beginning corner of the Ellis survey is on Cedar Bayou, a natural object, which forms a portion of its east boundary line, and is also the call for the north line of said survey, surveying

from its northwest corner. The west line of the William Bloodgood survey, which is a known and established line, also forms part of the boundary of the Ellis.

The position and location of the west line of the Ellis is undisputed, its position and location as claimed by appellee being recognized in the surveys of the land claimed by appellants. The east lines of the George White and S. Rice surveys are also unmarked, but their location can be ascertained from the other calls in said surveys and by measurements from the San Jacinto River, which is the west boundary of the George White survey and the Jesse White survey, the east line of which is the west boundary line of the Rice. The second call in the field notes of the Patching survey, in order to reach the west line of the Ellis, should be 1406 instead of 500 varas. If the north line of the Patching is extended to the Ellis northwest corner as called· for, all of the other calls of the survey harmonize as to course and other surveys called for, the only discrepancy being in distance and in the quantity of land embraced in the Patching survey. If the call for distance is adhered to and the one for the northwest corner of the Ellis disregarded, and the west line of the Patching survey is fixed as claimed by appellants, said survey has considerably less land than called for. If the call for the Ellis northwest corner controls, the lands claimed by appellants are a part of the Patching survey, and the quantity of land in said survey is largely in excess of the amount called for. The George Ellis survey was made August 17, 1835; the George White made October 7, 1835; the Sanford Rice, May 7, 1839; the William Bloodgood, August 10, 1824; the Jesse White, August 17, 1835, and the Talcott Patching, April 15, 1840. There is no evidence as to how the survey of the Patching was made by the original surveyor. A copy of a land office map or sketch made in 1847, which was put in evidence by appellee, shows that the Patching covered all the land· lying between the George White and S. Rice surveys on the west and the George Ellis survey on the east. S. E. Packard, a surveyor who resided in Harris County, testified that he had made a survey of the Patching and the adjoining surveys, and that the Patching east line as established by him was the west line of the George Ellis, and the land claimed by appellants was a part of the Patching survey. This witness produced a plat made by him, which was offered in evidence by appellee in connection with Packard's testimony, and which located the Patching and adjoining surveys as claimed by appellee.

This suit was instituted on the 11th day of February, 1899. Appellants Besson answered by plea of not guilty. Appellant Parish disclaimed as to all the land sued for except 560 acres described in his answer, as to which he pleaded not guilty, and claimed title under the three years statute of limitations. The appellants Cole disclaimed title to all of the land except 80 acres described in their answer, as to which they pleaded not guilty, and also claimed title under the three years statute of limitations. The cause was tried by the court below without a

jury, and judgment rendered in favor of appellee for all of the land sued for, from which judgment all of the defendants herein prosecute this appeal.

Appellants' second assignment of error, which in effect charges that the judgment of the court below, in holding that the land in controversy was a part of the Patching survey, is contrary to law and the evidence in this case, can not be sustained. We think the evidence is amply sufficient to sustain the finding of the trial court that the land in controversy is a part of the Talcott Patching survey. The express intent and effect of the grant is to convey to Patching all the land west of and adjoining the Ellis survey, and east of and adjoining the George White and S. Rice surveys, and in the absence of any evidence as to how the survey of the Patching was actually made, it was not error for the trial court to conclude from the facts and circumstances in evidence that the call for the west line of the Ellis, which line was ascertained and fixed with certainty, should prevail over a call for distance which, if followed, would have made a shortage in the quantity of land called for in the grant. Woods v. Robinson, 58 Texas, 655; Lilly v. Blum, 70 Texas, 704; Boone v. Hunter, 62 Texas, 588; Maddox v. Fenner, 79 Texas, 280; Worsham v. Chisholm, 28 S. W. Rep., 905; Langerman v. Nichols, 32 S. W. Rep., 124.

There is no merit in appellants' assignment of error which complains of the admission in evidence of the plat of the Patching survey made by the witness Packard. This plat was introduced in evidence in connection with the testimony of said witness, and was competent as explanatory and illustrative thereof. If it be conceded, as contended by appellants, that the plat was inaccurate in part and to that extent improper testimony, the trial not being by a jury, and the other evidence in the case being sufficient to sustain the judgment, its introduction in evidence was harmless.

The third assignment of appellants Parish and Cole complains that the trial court erred in not holding that the facts in this case show title in said appellants to the 640-acre survey claimed by them under the three years statute of limitation. We are of opinion that these appellants had no such title, or color of title, to the land claimed by them as would entitle them to prescribe under the statute of limitation of three years.

The inchoate right of a person whose application for the purchase of school lands has been accepted, is not sufficient as title, or color of title, to support the statute of limitation of three years. Such character of title is not within the terms of the statute, and does not show an already existing right to the land. We think this right or title of a school land purchaser, prior to the completion of his three years term of occupancy, is no higher than the right of a pre-emptor, and it is well settled that a pre-emption claim is not such title, or color of title, as will support the statute. In the case of Buford v. Bostick, 58 Texas, 70, Judge Bonner, speaking for the court, says: "Title or color of title to support

a statute prescribing so short a period of limitations should come within its terms, or plainly within its spirit.  A pre-emption claim, until perfected, is not a title defeasible upon the nonperformance of conditions subsequent, but is a mere inchoate right which may ripen into a perfect title upon the performance of certain conditions precedent.  Neither is it an already existing and certain demand for land issued by the government upon an executed consideration, as a certificate of headright, land warrant or land script, but a mere privilege or right of possession, sufficient under the statute, as against all but those holding under a superior right or title, to maintain trespass to try title, but not sufficient to defeat this superior right or title by limitations."

As before stated, we can see no distinction between the character of the right or title of the pre-emptor and that of the purchaser of school land prior to the completion of the three years term of occupancy, as up to that time such purchaser holds possession under a contract that contemplates title only upon the performance of certain conditions precedent, independent of the payment of the purchase price.  The opinion in the case of Buford v. Bostick, above quoted, is sustained by the case of Sutton v. Carabajal, 26 Texas, 497, and is approved and followed in the case of Clark v. Smith, 59 Texas, 275.

We are further of opinion that appellants' claim to the land in controversy in this suit is neither title, nor color of title, within the purview of the statute, because it is founded upon a void location and survey.  Section 2, article 14 of the Constitution provides:  "That all genuine land certificates heretofore or hereafter issued shall be located, surveyed, or patented only upon vacant and unappropriated public domain, and not upon any land titled or equitably owned under color of title from the sovereignty of the State, evidence of the appropriation of which is on the county records or in the General Land Office; or when the appropriation is evidenced by the occupation of the owner, or of some person holding for him."

The land in controversy in this case being a part of the Patching survey was not "vacant and unappropriated public domain," and any location made thereon in the face of the constitutional inhibition above quoted is, we think, utterly void for all purposes and as to all persons, and can not serve as basis of a claim of title or give color of title to appellants' claim to the land.  Lambert v. Weir, 27 Texas, 365; Whitehead v. Foley, 28 Texas, 290; League v. Rogan, 59 Texas, 431; Land Co. v. State, 1 Texas Civ. App., 620; Lattimer v. Logwood, 27 S. W. Rep., 960; Green v. Hugo, 81 Texas, 452; Schlucher v. Gatlen, 85 Texas, 270.

We do not think the trial court erred in refusing appellant Besson's motion for a new trial because of the absence on the trial of said cause of their attorney, who was at said time confined to his bed by sickness.  The motion for a new trial is not sworn to, and the judgment in the case recites that "the parties appeared and announced ready for trial."  The record shows that these appellants were represented on the trial, as the exceptions to the admission of evidence appear to have been

made by all of the defendants, and the motion does not show affirmatively that any of the defenses relied on by these appellants was not fully developed upon the trial of the case.

We find no error in the judgment of the court below, and it is in all things affirmed.

*Affirmed.*