## HORTON v. HALFF.

(Court of Civil Appeals of Texas. El Paso. May 2, 1912. On Motion for Rehearing, May 29, 1912.)

ADVERSE POSSESSION (§ 73*)—COLOR OF TITLE —JUNIOR PATENT.

A junior patent regularly issued, which conveyed all the title the state then had, if any, would constitute color of title to. support a claim under the five-year limitations, not being absolutely void, but only voidable by the senior patentee.

[Ed. Note.—For other cases, see Adverse Possession, Cent. Dig. §§ 435–442; Dec. Dig. § 73.*]

Appeal from District Court, Midland County; S. J. Isaacs, Judge.

Action between H. M. Horton and Henry M. Halff. From a judgment for Halff, Horton appeals. Affirmed.

Graham B. Smedley, of Midland, for appellant. Caldwell & Whitaker, of Midland, for appellee.

PETICOLAS, C. J. This was a suit in trespass to try title, involving the title to a tract of land covered by the field notes of a patent of what is known as the Murphy survey, and also covered in part by a patent of what is known as the Cobb survey. Appellee recovered upon his pleas of three and five years' limitation, and the decision is attacked upon the ground that, the Cobb survey being a junior patent to the Murphy survey, it could not constitute title or color of title under the three or five year statute of limitation to the land in conflict. The trial court concluded as a fact that the defendant is the owner of the Murphy survey, which was patented by the state of Texas to I. B. Rose on March 22, 1892; that on October 1, 1903, A. M. Cobb caused to be surveyed and applied to purchase from the state of Texas, as school land, survey No. 104, etc.; that on the 15th day of March, 1904, said land having been purchased and fully paid for, patent was duly issued by the state to A. M. Cobb for said survey; that the patent so issued to Cobb was duly filed for record on the 30th day of March, 1904, and duly recorded. The court finds (without stating the matters in detail) a conflict between the two surveys; that Cobb had had the statutory possession, and concluded as a matter of law that the Cobb patent constitutes title and color of title both by virtue of the three and five year statute of limitation. It will be seen that the question raised involves both the three and five years' statutes; for, if appellee's patent is sufficient as color of title under the three years' statute, or as a recorded deed under the five years' statute, the case should be affirmed.

The appellant relies upon the cases of Pohle v. Robertson, 102 Tex. 274, 115 S. W. 1169, Garrison v. Arnett, 126 S. W. 611, and Johnson v. Knippa, 127 S. W. 905. The Pohle-Robertson Case was one in which there were two purchasers of school land, involving the question whether the junior purchase could constitute title or color of title within the three years' statute of limitation. It was held that it could not. The court, however, concludes its opinion in these words: "Whether or not a purchase of land claimed and sold by the state as part of its school fund, where there has been no other sale made, would constitute title or color of title as against an adverse claim under an older grant or patent, is a question which this case does not present, and hence we intimate no opinion upon it." In the Garrison-Arnett Case it was held by the Court of Civil Appeals that an award of state school land invalid for want of authority in the commissioner to make the sale is not title or color of title within the three years' statute of limitation. In the case of Hulett v. Platt, 49 Tex. Civ. App. 377, 109 S. W. 207, in which a writ of error was denied, the claim of color of title was under the senior patent and the adverse claim was under a junior patent, resting upon a right acquired prior to the senior patent, and it was held that such senior patent constituted color of title. In Smith v. Power, 23 Tex. 34, it is said: "To constitute title or color of title, there must be a chain of transfer from or under the sovereignty of the soil." In the Hulett-Platt Case mentioned it is said: "This necessarily presupposes a grant from the government as a basis of such transfer, and the grant must be effectual to convey to the grantee whatever right or title the government had in the land at the time of making the grant. It need not necessarily carry with it the paramount title, but it must be title as against the government, valid in itself when tested by itself, and not tried by the title of others. It must have intrinsic validity as between the parties to it, though it may be relatively void as respects the rights of third persons." In the same case it is again said: "In case of a location and patent upon land, title to which had already passed from the government by prior grant, no one would doubt that a possession under the junior grant from the government for the requisite period of three years would give a perfect defense against the owner under the old grant. * * * The cases cited establish beyond cavil that where an officer has authority to issue a patent, and does so in the manner and form prescribed by law, a patent thus issued conveys to the patentee whatever

right the state has, and is good against the state and all parties not having a superior right, and will support the three years' statute of limitation. While it may not pass the paramount title, the law does not require that it should in order to be the basis of the three-year limitation." In the case of Besson v. Richards, 24 Tex. Civ. App. 64, 58 S. W. 611, which was one between a person who had filed applications to purchase school land, the surveys conflicting with a survey which had been patented, Judge Pleasant said: "The inchoate right of a person whose application for the school land has been accepted is not sufficient title or color of title to support the statute of limitation of three years." In the case of Gullett v. O'Connor, 54 Tex. 416, the court said: "While a subsequent location of the land by the party under whom appellee claims was unauthorized, * * * still the patent when issued is not absolutely null and void. It is voidable, or, as it is often phrased, void as to those having a prior and superior equitable right to the land. * * * The statute itself uses the expressions, 'title,' 'or color of title.'"

[1] From the authorities discussed, it may be gathered that the question is one of difficulty; that, if the instrument claimed to constitute color of title is absolutely and intrinsically void, it is not sufficient as color of title. If, however, it is only voidable, and if it is sufficient to pass all the title that the state has at the time of its execution, it is sufficient; and it seems to us that the latter view is best supported in reason. The patent seems to have been regularly issued by the official having the authority, and conveyed to the purchaser all the title which the state then had, if any. If for any reason the senior patent should have afterwards been adjudicated invalid, there seems to us no doubt that the junior patent would have conveyed the land. There seems to be a distinction recognized between one holding an award as a school land purchaser who has only an inchoate right and equitable title, leaving the legal title in the state, and one whose award has ripened into a patent, with both the equitable and legal title vested in him. We think this is what Judge Williams had in mind in the Pohle-Robertson Case in the reservation he makes in his opinion that the award is not sufficient as color of title because there is still left in the sovereignty of the soil the legal title. When the patent has, however, been issued, there is nothing left in the state. It has conveyed all it could convey, and, having conveyed all it could convey, through a patent duly and regularly issued by the officer having authority, we are unable to conceive that such a patent is absolutely void. It is unquestionably voidable by the holders under the senior patent, irrespective of the question of limitation, but otherwise it seems to us in analogy to a quitclaim deed from the state, and the identical thing which the statute meant when it uses the expression "or color of title:"

It is, however, perhaps unnecessary to decide the three years' statute question, because we entertain no doubt that this patent, duly filed and recorded, was sufficient to support the five years' statute of limitation. In the case of Fry v. Baker, 59 Tex. 406, it is said: "If the instrument, tested by its own recitals, contains all the requirements of a deed, it would support the five years' statute. If void on its face, it is not a deed; if void for some extrinsic matter, not apparent on its face, it is none the less a deed in contemplation of the statute." The purpose of the five years' statute, and the reason upon which it is founded, is that, given one in possession under a recorded deed, such record gives notice to the world that he is claiming, and the extent to which he is claiming. It would be puerile, we think, to adhere to the technical wording rather than the spirit and reason of the statute and to say that a patent is not a deed, because in truth and in fact a patent is a deed. It is the instrument by which the state parts with its title to land. When recorded, it gives notice as do deeds.

Therefore, for the reasons indicated, the case is affirmed.

### On Motion for Rehearing.

The motion for rehearing attacks our holding that the particular patent in this instance was sufficient as a deed to support the five years' statute of limitation. The cases cited as supporting appellants' propositions do not we think sustain them. Without discussing them seriatim, it may be said that in each instance a careful examination of the authorities cited will show that they do not affect this case. For instance, in Gilbert v. Harris, 109 S. W. 392, it was held that a patent not title or color of title will not support the statute of limitation. In the Shepard-Avery Case, 28 Tex. Civ. App. 479, 69 S. W. 82, the portion of the opinion relied on was withdrawn expressly. Inasmuch as we held that this particular patent would support the three years' statute of limitation, it amounted to a holding that it was color of title. Therefore, our holding as to the five years' statute amounts to a holding that a patent which is color of title will support the five years' statute. It is not necessary in this instance to extend our decision further than this, as we have really no concern with abstract questions.

The motion is overruled.