J. J. HAYSLIP ET AL. V. CHARLES C. POMEROY.

No. 658.

Certiorari—Omission of Notice of Appeal—Delay.— Ross v. McGowen, 58 Texas, 603, adhered to. The right to a certiorari to perfect the record must be limited to some point in the proceedings, which must not be later than the submission of the cause for decision. See example of delay held not executed.

APPEAL from Bell. Tried below before Hon. W. A. BLACKBURN.

Appellee Pomeroy recovered judgment, January 27, 1892, against appellants for the land sued for. Appeal was perfected, and transcript was filed by appellants June 21, 1892, in Supreme Court. The case was transferred to the Court of Civil Appeals, and was there filed October 4, 1892. The case was submitted on briefs of both parties in December, 1892, upon the merits. March 25, 1894, the case was dismissed for want of notice of appeal. No motion to dismiss was filed. April 5, 1894, appellants filed a motion to set aside the order of dismissal and to reinstate the cause. The motion was accompanied by a certified copy of *notice of appeal* in the court below, and an affidavit of counsel that the omission from the transcript was not known to him before the order of dismissal. It was asked that the transcript be perfected, so as to show the fact of notice.

KEY, ASSOCIATE JUSTICE.—At a former day of this term the appeal in this case was dismissed, because the record failed to show that notice of appeal was given. The appellants have filed a motion for a rehearing, accompanied by a showing, that in fact notice of appeal

was given in the court below, which the clerk failed to embrace in the transcript; and also showing that appellants' counsel was not aware of the omission until after this court had dismissed the appeal.

While, as contended by appellants, it is the duty of the district or county clerk to prepare a proper transcript of the proceeding in an appealed case, still, it is the duty of the party appealing to see that the transcript is correct and complete before his case is submitted for decision.

It was held in Ross v. McGowen, 58 Texas, 603, that the right to a writ of certiorari to perfect the record must be limited to some point in the proceedings which must not extend beyond the date of the submission of the cause to the court for decision; and it is there intimated that the rule should be enforced regardless of excuses rendered for not discovering the defects and correcting the record before submission.

In the present case, it is not shown that proper diligence was exercised to discover the omission; and, following the rule announced in the case cited, the motion for a rehearing will be overruled.

*Motion overruled.*

Delivered June 27, 1894.