WINFIELD SCOTT v. E. M. COX ET AL.

Decided October 20, 1902.

1.—Statement of Facts—Agreement of Counsel—Practice on Appeal.

A purported statement of facts agreed to by counsel for both parties, approved by the judge and filed before the trial, reciting that what follows therein is a statement of facts of the case, and that the case may be tried thereon, can not be considered as a statement of fact on appeal where it does not appear from the record that the case was tried on the agreement, and that no other facts were put in evidence, or that the agreement itself was put in evidence, since this does not meet the requirements of the statute as to a statement of facts. Rev. Stats., art. 1379.

2.—Chattel Mortgage—Conversion—Rights of Mortgagee.

One who holds a valid mortgage on personal property is entitled to recover of another who converts the same for its value at least to the extent of his lien.

3.—Same—Innocent Purchaser.

Where defendant attached goods of C. as the property of W., and C. sued him for conversion and obtained judgment against him, which he paid, defendant could not, by virtue of the registration statute, claim the goods as a "subsequent purchaser," as of the time of the attachment, as against one having an unfiled chattel mortgage thereon, since the statute contemplates a purchaser by contract.

4.—Same—Delivery—Registration.

Where there is an actual delivery of the mortgaged property to the mortgagee at the time the chattel mortgage is executed, and the possession thereunder is continuous, the mortgage takes effect as to creditors and subsequent purchasers, although not filed and registered as a chattel mortgage.

5.—Receiver—Appointment—Notice—Enforcing Lien.

Where in a suit to subject property to a lien a receiver is appointed to take charge of the property without notice and before the filing of the petition, such irregularity is not ground for reversing the judgment, no motion to vacate the receivership having been made.

**6.—Lien—Foreclosure—Conversion—Payment.**

Where the owner of goods subject to a chattel mortgage lien recovered judgment against another for the conversion thereof, and paid part of the amount to the mortgagee, it can not be held as a matter of law, in an action by the mortgagee to foreclose the lien, that the court erred in not applying such payment on the lien, rather than on the owner's debt to the mortgagee in excess of the lien.

**7.—Judgment—Correction by Certiorari—Practice on Appeal.**

Where the judgment was submitted to appellant's counsel before being put on record, and he failed to make any objections thereto, or to make a motion to reform, he could not, after the appeal and after a motion to strike out the statement of facts was filed, submitted, and sustained, and the judgment affirmed, be heard to say that the judgment appealed from is defective in failing to show that the case was tried upon an agreed statement of facts, since he should have sought to have the judgment corrected when attention was called to the matter in the motion to strike out.

**8.—Same—Conclusions of Fact—Agreed Statement.**

Though it be made to appear by certiorari that the case was tried upon an agreed statement of facts, the papers in a certain other case, and the facts found by default therein, yet it can not be held on appeal that they were not sufficient to sustain the conclusions of fact of the trial court, where such agreed statement does not contain the papers in such other case, and they are not copied in the record, and there is nothing to show what facts are contained in them.

Appeal from the District Court of Hill County. Tried below before Hon. William Poindexter.

*Nelson Phillips* and *Matlock, Miller & Dycus,* for appellant.

*Hill, Dabney & Carleton, A. P. McKinnon, Wear, Morrow & Smithdeal,* and *Vaughn & Works,* for appellees.

BOOKHOUT, ASSOCIATE JUSTICE.—This suit was instituted in the District Court of Hill County by E. M. Cox, appellee here, on May 4, 1897, for the purpose of having a receiver appointed to take charge of certain property which had been levied upon by Tom Bell, sheriff of Hill County, Texas, at the suit of Winfield Scott v. T. P. Weatherred, W. J. Weatherred, H. C. Weatherred, B. H. Vaughan, R. L. Long, and the Citizens National Bank of Hillsboro.

In this suit W. H. Childers and his wife, S. E. Childers, W. S. Heard, J. M. Word, B. H. Vaughan, W. Scott, Citizens National Bank of Hillsboro, Texas, and Tom Bell were made defendants. After the formal allegations, the petition alleged in substance that on the 6th of November, 1896, W. H. Childers made, executed, and delivered to B. H. Vaughan certain notes aggregating the sum of $5306.85, and that said notes were given as a part of the purchase money on certain real estate and personal property mentioned and described in the petition, and that the said property had been conveyed to Childers by B. H. Vaughan by deed absolute upon its face, and that Childers, for the purpose of securing the payment of said notes, made, executed, and delivered to J. M. Word, trustee, to secure said Vaughan in the payment of said notes, a

deed of trust upon said property both real and personal, and that in January, 1897, B. H. Vaughan made, executed and delivered to W. S. Heard his promissory note for $1044 due on December 1, 1897, and that E. M. Cox, appellee, and one R. A. Williamson signed said note for B. H. Vaughan as sureties, and that as a further security for the payment of said Heard note, B. H. Vaughan assigned as collateral to Heard the Childers notes hereinbefore mentioned; that on the 20th of January, 1897, the said Vaughan made, executed and delivered to the Citizens National Bank of Hillsboro, Texas, his note for the sum of $4000, due October 15, 1897, on which note E. M. Cox and H. C. Weatherred were sureties, and that this note of $4000 was further secured by the Childers notes as collateral; that on the 23d day of April, 1897, Winfield Scott, appellant herein, filed suit in the District Court of Tarrant County, Texas, in two cases against T. P. and W. J. Weatherred et al., and therein caused writs of attachment to issue and be levied upon the property, real and personal, herein mentioned.

The petition prayed for an injunction restraining Bell and Scott, and all other persons acting through or under them, from interfering with said property, and for the appointment of a receiver, and for judgment establishing the several debts and the foreclosure of the liens. On May 3, 1897, without notice and without hearing, the Hon. J. M. Hall granted the prayer for the appointment of a receiver, and on the 4th of May, 1897, the said petition was filed in the District Court of Hill County, Texas.

The defendant W. S. Heard answered, adopting the allegations of the plaintiff as to the execution and delivery by Vaughan as principal, with Cox and Williamson as sureties, of the promissory note mentioned in plaintiff's petition, and alleged the ownership of said note to be in himself, and joined the plaintiff in his prayer for relief and for judgment against Vaughan and Cox and Williamson for the balance of the principal, interest, and attorney's fees thereof.

The appellant, Winfield Scott, answered, setting up in full the history of the controversy out of which grew the suits wherein the writs of attachment above mentioned were rendered, and that the various debts claimed by Vaughan against Childers and by Heard and the bank against Vaughan were fraudulent and void. So far as this case is concerned, the most material part of Scott's answer is that part wherein he alleged that the chattel mortgage from Childers to Vaughan had never been regisered as required by law, and that a receiver had been appointed on May 3, 1897, without notice and without a hearing, and that the personal property in controversy herein had been sold by said receiver for $657, and that W. H. Childers had sued appellant, W. Scott, in the District Court of Hill County, on the 11th of September, 1897, for the conversion of the personal property in controversy herein, and therein, in October, 1899, recovered judgment against appellant for the sum of $1231 for said conversion; that such judgment has never been reversed or set aside, but has been paid off and discharged by the

appellant, W. Scott, and appellant prayed for judgment against E. M. Cox for the value of the cattle taken from his possession by the receiver appointed herein at the suit of E. M. Cox, without notice and without a hearing, at chambers, before this suit was filed.

The defendants, W. H. Childers, S. E. Childers, J. M. Word, B. H. Vaughan, Citizens National Bank of Hillsboro, Texas, and Tom Bell, did not answer. On October 17, 1901, this cause was submitted to the District Court of Hill County, Texas, without the intervention of a jury. On the 11th of November, 1901, the District Court of Hill County rendered a judgment herein against the appellant in favor of W. S. Heard against Vaughan and Cox, in favor of the Citizens National Bank of Hillsboro, Texas, against Vaughan, Childers and Cox and directed that the amount received from the sale of the personal property in controversy be applied on Heard's debt, and that Scott take nothing; that all parties recover their costs from Scott. From this judgment defendant, Scott, prosecuted an appeal to this court.

*Opinion on Motion to Strike Out Statement of Facts.*—In this case a motion was made by the appellees to strike out the statement of facts. The matters set up in the motion required a careful examination of the record, and hence the motion was held up to be decided when the case was considered on its merits. The purported statement of facts begins by giving the style and number of the suit, the court in which it was pending and the term of the court, and proceeds: "We hereby agree that the following is a statement of facts in the above styled and numbered cause for the purposes of this suit only, and that said case may be tried by this court upon same as an agreed statement of facts, to wit:" Then follows the matters agreed upon, which are divided into twenty-one subdivisions. The fifteenth subdivision sets up the filing of a suit by W. H. Childers against Tom Bell and W. Scott for damages for the conversion of personal property and the rendition of a judgment in said case for the plaintiff for the value of the property, and alleges payment of the judgment, and adds that "the pleadings and judgment in said case are made a part of this subdivision." The agreed statement is signed by counsel for the parties and marked approved in open court by the judge. It is styled "agreement of counsel," and was filed in the trial court on October 17, 1901. The judgment was rendered on November 11, 1901. The case was tried by the judge without the intervention of a jury. The record does not show the pleadings and judgment in the case of Childers v. Bell and Scott, referred to in the agreement. The record is silent as to whether the case was tried on this agreement or not. If the case was tried on this agreement the record does not show that other facts were not introduced in evidence. The judge does not certify that the agreement contains all the facts introduced in evidence, and, as stated above, the record does not show that the agreement itself was introduced in evi-

dence. It was filed previous to the trial. It is not contended, and could not be successfully, that the appeal is based on an agreed case as provided for in article 1414, Revised Statutes. We conclude that the agreement does not meet the requirements of the statute and can not be considered as a statement of facts. Rev. Stats., art. 1379; Taylor v. Campbll, 59 Texas, 315. It follows that the motion to strike out the statement of facts must be sustained.

*Opinion Upon the Case.*—The trial court filed conclusions of fact and of law, and in the absence of a statement of facts we must treat his findings as embracing the facts of the case. So far as they are material to this case the facts are:

On November 6, 1896, one W. H. Childers executed and delivered to B. H. Vaughan certain promissory notes in consideration of the conveyance by Vaughan to Childers of certain real estate and personal property described in the pleadings and in the judgment appealed from. The notes were unpaid at the time of the trial and amounted to $8754.90. At the time of the execution of the said notes Childers also executed a deed of trust on the property, both real and personal, conveyed to him by Vaughan to secure said notes. On January 19, 1897, B. H. Vaughan became indebted to W. S. Heard on a note for $1044, calling for interest and attorney's fees, upon which note E. M. Cox and R. A. Williams became sureties at the request of said Vaughan. As a further security for said note, said Vaughan indorsed and delivered to said Heard, as collateral security, the notes executed by W. H. Childers to Vaughan, which collateral security was to inure to the benefit of said Cox, should he sustain any loss by reason of becoming surety for Vaughan. On January 20, 1897, B. H. Vaughan executed and delivered to the Citizens National Bank of Hillsboro a note for $4000, calling for interest and attorney's fees, which note E. M. Cox and H. C. Weatherred signed as sureties at the request of Vaughan; it being agreed between Vaughan and Cox that the Childers notes, indorsed by Vaughan to Heard as collateral security, should remain in the possession of said Heard and inure to the benefit of Cox to protect him against loss by reason of having become surety on Vaughan's note to the bank. When the deed of trust was executed by W. H. Childers to B. H. Vaughan the parties resided in Hill County, and the property described in the deed of trust was located in said county. The deed of trust was filed and recorded as a deed of trust on real estate on January 7, 1897, in Hill County, but it was not filed, deposited, and registered as a chattel mortgage on personal property.

On April 23, 1897, H. C. Weatherred, B. H. Vaughan and others were indebted to Winfield Scott in the sum of $15,000, and on that day Scott instituted suits in the District Court of Tarrant County and caused writs of attachment to issue to Hill County, and on the 24th day of April the same were levied by Tom Bell, sheriff of Hill County, on the personal property involved in this suit as the property of H. C.

Weatherred, and the same was taken possession of by said officer. There-
after on the 4th day of May, 1897, E. M. Cox filed this suit, making
all parties interested in the transaction parties thereto, setting up all
the facts in detail and praying for the issuance of an injunction against
said Bell and said Scott, and for the appointment of a receiver to
take charge of the personal property levied upon by said Bell. The
injunction was issued and a receiver appointed who received, and, un-
der order of the court, sold said property for the sum of $657, which
sum he paid into court. The receiver was appointed without notice
or a hearing. Neither Scott nor Bell had any notice or knowledge of
the deed of trust on the property executed by Childers to Vaughan. On
September 11, 1897, W. H. Childers filed suit in the District Court
of Hill County against Tom Bell and Winfield Scott for damages for
the conversion by the levy of said writs of attachment on the personal
property in controversy herein, described in the judgment herein ren-
dered, and in October, 1899, said Childers recovered judgment against
W. Scott in the sum of $1231.58 for said conversion, from which judg-
ment an appeal was taken to this court where the same was affirmed,
and said judgment, together with interest and costs, was thereafter
paid by said Scott. The suit before us was filed in the District Court
on the 4th day of May, 1897.

In the absence of a statement of facts we can not consider the assign-
ments of error numbered from 1 to 8, inclusive.

Appellant groups his ninth, tenth, and eleventh assignments of error
and contends therein that: "Where a person, without notice of a prior
unrecorded chattel mortgage, converts property belonging to the mort-
gagor and the mortgagor brings suit for such conversion and recovers
judgment for the value of the property converted, and the person cast
in such suit pays off the judgment so rendered, then he is a bona fide
purchaser for value and his title thereto relates back to the time of
conversion." It is insisted that, as the title to the property was in
Childers, when Scott paid the judgment in favor of Childers for the
value of the property he thereby acquired title to the property as of the
date of the levy of the writs of attachment. There would be some force
in this contention if Scott occupied the position of an innocent pur-
chaser of the property. When the suit of Childers was instituted, in
September, 1897, against Scott to recover damages for a conversion of
the property, he knew that Cox was asserting a lien upon the same, and
that he then had a suit pending in the same court, to which Scott was
a party, in which the lien was sought to be foreclosed, and that the
court, through a receivership, had actually taken possession of the
property for the purpose of adjusting the equities between all the par-
ties. Knowing these facts, Scott made no attempt to delay the suit
of Childers until this suit was terminated. He did not seek a consoli-
dation of that suit with this, or make the parties asserting a lien on
the property parties to that suit. It is clear that under the laws of
this State the holder of a valid mortgage on personal property is en-

titled to recover of one who converts the same for its value, at least to the extent of his lien. Focke v. Blum, 82 Texas, 436; Fouts v. Ayres, 11 Texas Civ. App., 338, 32 S. W. Rep., 435; Boydston v. Morris, 71 Texas, 697, 10 S. W. Rep., 331; Taylor v. Fielder, 5 Texas Civ. App., 417, 23 S. W. Rep., 481; Zapp v. Johnson, 87 Texas, 641, 30 S. W. Rep., 861; Ward v. Gibbs, 10 Texas Civ. App., 287, 30 S. W. Rep., 1127.

Scott was content to proceed to the trial of the issues in the suit by Childers against him without seeking any protection therein against his liability to the lienholders. He seems to have defended that suit on the ground that Childers was not the owner of the property. He was unsuccessful in that suit and judgment was rendered against him for the value of the property, from which judgment he took an appeal to this court, where it was affirmed. 24 Texas Civ. App., 349, 60 S. W. Rep., 775. Thereupon Scott paid off the judgment. He insists that under the facts he occupies the position of an innocent purchaser as of the date of the levy of the writs of attachment. In this contention we do not concur. Scott was not a creditor of Childers. He attached the property as the property of Weatherred. It was not Weatherred's property, but was the property of Childers. The effect of the payment of the Childers judgment by Scott was to transfer to him such title in the property as Childers had at the time of the conversion. He was not a "subsequent purchaser" of the mortgaged property such as is contemplated by the statute requiring the filing and deposit of chattel mortgages. Rev. Stats., art. 3328. This statute evidently means a purchaser of goods by contract,—one who, of his own volition, buys them, and pays a price agreed upon, and receives a transfer therefor from the one who sells and delivers them. The statute did not contemplate a wrongdoer or trespasser upon the property who, against his will, is cast in judgment for the value of it and takes title unwillingly by operation of law upon payment of the judgment. Marsden v. Cornell, 62 N. Y., 215.

Again, the trial court found, in effect, that Scott was not an innocent purchaser. In the condition of the record, if necessary, we would presume that there was evidence to support this finding. If there was evidence that at the time the chattel mortgage was executed and delivered by Childers to Vaughan, an actual delivery of possession of the mortgaged property was made to the mortgagee and such possession was continuous, then the chattel mortgage took effect as to creditors and subsequent purchasers, notwithstanding the same was not filed, deposited, and registered as a chattel mortgage.

It is insisted by appellant in argument that as the mortgage debt of Heard and Vaughan had matured and was due at the time the suit of Childers was instituted, that they then had a cause of action, and having failed to intervene in the Childers suit and protect their rights, the recovery of judgment by Childers and payment of the same is a bar to any suit to subject the property to the mortgage on the part of

Heard or Vaughan. In answer to this it may be said that Cox, prior to that time, had instituted this suit to which Childers, Heard, Vaughan, and Scott were each parties and in which said lien was sought to be foreclosed. Heard did take action to enforce his lien by asserting the same in this suit.

We are further of the opinion that if Scott wanted to defend against said lien in that suit he should have taken the proper steps to make his defense available. 60 Texas, 777.

It is contended that the appointment of a receiver without notice and without hearing, and before filing the petition, when there is no suit pending, is wrongful. The appointment of a receiver without notice and before the filing of the petition was irregular. At the time the receiver was appointed an injunction or restraining order was applied for and granted, and the writ issued. No complaint is made of the court's action in this respect. It appearing that the property is subject to the lien and has been applied by the court to the satisfaction of the same, and further, that no motion was made to vacate the receivership, the fact that his appointment was irregular presents no sufficient ground under the facts of this case for reversing the judgment.

Finding no reversible error in the record, the judgment is affirmed.

*Affirmed.*

OPINION ON MOTION FOR REHEARING AND ADDITIONAL CONCLUSIONS.

It is contended by the appellant in his motion for a rehearing that the record shows that W. S. Heard was paid $668 out of the moneys paid by appellant in satisfaction of the judgment in the case of Childers v. Scott, and that this sum is in excess of the value of his lien on the personal property converted by Scott and should be so applied. It is further insisted that Heard failed to make an application and that this court should apply the same to the satisfaction of the said lien. The pleading of Heard, filed herein, sets up that since the institution of this suit there has been paid on the note held by him against Vaughan, upon which Cox was surety, the sum of $668, being money received by Cox out of the amount paid in satisfaction of said judgment. The appellant, in his pleading, denies that E. M. Cox had received anything on said note. The pleading of Heard sets up the note, prays judgment for the balance thereof, and asserts a lien on the personal property levied upon by Scott, and prays for a foreclosure of the same. The court rendered judgment against B. H. Vaughan as maker and E. M. Cox, as surety, for $917.17, being balance due on said note, and found that W. S. Heard had a valid and subsisting lien on the property to secure the same. It was to preserve this lien, among other things, that the receivership proceedings were had. The court ordered the property upon which the lien was asserted sold, and the same was sold by the receiver for $657, and the proceeds were paid into the registry of the court. The judgment required this sum, less the costs of the receiver-

ship, to be paid over to W. S. Heard. Appellant assumes that this sum is the value of Heard's lien on the property, notwithstanding the court found that the property upon which the lien existed was of the value of $1231.58 when appellant attached the same. Conceding, for the purposes of this discussion, that said sum represents the value of the lien and that Heard received $668 on the note paid by Cox out of the money paid by appellant on the Childers judgment, still we think that appellant's contention is not sound. The record does not show that the same was paid in satisfaction of said lien. Heard did not so treat it, nor did he so apply it. Appellant did not, in his pleadings, ask that the same be so applied. As stated above, appellant denies that anything had been paid on said note. After such payment Heard asserted a lien on the property and asked that it be foreclosed. The court found that he had a valid and subsisting lien and enforced it. The judgment, in our opinion, fairly embraced a finding by the court that the payment had been applied by Heard to the satisfaction of that part of his note in excess of the value of the lien. The appellant has not assigned error to the failure of the trial court to apply the payment of the $668 in satisfaction of Heard's lien. The suggestion is made here for the first time, in argument, that the same constitutes fundamental error, and that we should so hold. In this we do not concur. As stated, the appellant did not ask in his pleading that it be so applied, and the record fairly shows that Heard applied the money received by him to that part of his note which was in excess of the value of his lien, and that the trial court so held.

We conclude that the judgment was proper, and that the motions for rehearing and for additional conclusions should be overruled.

*Overruled.*

### OPINION ON APPELLANT'S MOTION FOR CERTIORARI.

After appellees' motion to strike out statement of facts in this case had been sustained, and after the affirmance of the judgment, appellant filed a motion in the lower court to amend and correct the judgment from which this appeal was taken so as to show that the case was tried in that court on the 17th day of October, 1901, on an agreed statement of facts. On November 12, 1902, the said motion was sustained in part and said judgment was amended. As amended it contains the following recital: "And it appearing to the court that during the November term of court, 1901, the judgment entered in this cause was submitted to one of the attorneys for W. Scott, and that conclusions of law and fact were presented to said attorney for said W. Scott before they were filed, and it appearing to the court that in rendering the judgment in this cause at said term the agreed statement of facts signed by counsel and filed in this cause on October 17, 1901, before the trial of said cause, was considered by the court in rendering said judgment, and it appearing to the court that the papers in the

case of Childers v. Scott and the judgment found by default in this case, and no other evidence, were also considered by the court; and it appearing to the court that this case was tried on the 17th day of October, 1901, and taken by the court under advisement until the 11th day of November, 1901, it is ordered that the judgment rendered is hereby reformed so as to incorporate therein the foregoing matters, and in other respects to read as originally rendered, except that it show that it was entered on the 17th day of October, 1901."

The appellant has filed a motion for certiorari to the clerk of the District Court of Hill County, commanding him to certify said amended and corrected judgment to this court. A certified copy of said judgment, as amended, is attached to said motion, and it is agreed by the appellees that the same may be taken and considered as an answer to said writ, should this court hold that the certiorari should issue.

Appellees resist the granting of the motion. The motion to strike out the statement of facts was filed in this court May 22, 1902. It was submitted on the 31st day of May, 1902. The appellant did not contend in reply to that motion that the judgment appealed from was in any way defective in failing to show that the case was tried in the court below on the agreed statement of facts. It was not until the motion to strike out the statement of facts had been sustained, and after the affirmance of the judgment, that the suggestion was first made. It appears from the copy of the amended judgment, made an exhibit to the motion for certiorari, that the judgment, prior to its entry upon the minutes by the clerk, was submitted to counsel for appellant, as was also the court's conclusions of law and fact, before the same were filed. We do not think, under these facts, that the appellant should be heard to say that the judgment appealed from did not recite the true facts. Appellant's counsel, having had the judgment submitted to him before being put of record and having failed to make any complaint thereto or to make a motion to reform, ought not, after appeal to this court is perfected and a motion to strike out the statement of facts has been filed, submitted, and sustained, and the judgment affirmed, be heard for the first time to say that the judgment appealed from is defective in failing to show that the case was tried upon such agreed statement of facts. If the judgment did not recite the facts correctly, the appellant ought not to have waited and speculated as to what the judgment of the court on the motion to strike out would be, but should have sought to have the judgment corrected when attention was called to the matter in the motion to strike out. Ross v. McGowen, 58 Texas, 603; Railway v. Scott, 78 Texas, 360; Heyslip v. Pomeroy, 32 S. W. Rep., 124.

However, the result would be the same if we were to grant the motion. The judgment as amended shows that the case was tried in the lower court on said agreed statement and the papers in the case of Childers v. Scott and the facts found by the judgment by default in this case. The agreed statement does not contain the papers in the case of Childers v. Scott, nor are said papers copied in the record, and

there is nothing in the record to show what facts are contained in said papers. So far as the record shows we are unable to say that the said agreed statement of facts and the papers in the case of Childers v. Scott and the facts found in the judgment by default in this case are not sufficient to sustain the conclusions of fact found by the trial court.

The motion for certiorari is overruled.

Writ of error refused.