## WICHITA VALLEY RY. CO. v. LECHNER. (No. 679–4232.)

(Commission of Appeals of Texas, Section A. Oct. 14, 1925.)

Carriers ☞45—Special findings held conflicting and not warranting judgment thereon.

Where, because of failure of carrier to furnish flat cars for transporting threshing machine, plaintiff was unable to fill contract for threshing and it did not appear that he had deposited one-fourth freight charge, under Rev. St. art. 6681, special findings, that carrier was not negligent in furnishing kind of cars it did; that one car was suitable and one was not; and that failure to furnish suitable cars for transportation was negligence, held conflicting, hence did not sustain judgment for plaintiff, but jury should have been required to reconcile findings if they could do so.

Error to Court of Civil Appeals of Second Supreme Judicial District.

Action by F. P. Lechner against the Wichita Valley Railway Company. Judgment for plaintiff was affirmed by the Court of Civil Appeals, and defendant brings error. Judgments reversed, and cause remanded.

Thompson, Barwise & Wharton, of Fort Worth, and Taylor & Taylor, J. L. Lackey, and H. M. Muse, all of Wichita Falls, for plaintiff in error.

Wantland, Dickey & Glasgow, of Henrietta, for defendant in error.

BISHOP, J. The defendant in error, F. P. Lechner, filed this suit in the district court of Clay county, against plaintiff in error, Wichita Valley Railway Company, in his petition alleging that he was the owner of a threshing machine located at Byers, Clay county, Tex.; that on July 13, 1921, he notified the agent of plaintiff in error by wire that he desired two flat cars at once for the purpose of shipping said threshing machine to Kiowa, Kan.; that said agent procured two flat cars on July 15, 1921, but that one of said cars had no bottom and was in such condition that it could not be used for the purpose of transporting said threshing machine; that he then notified the agent that it was necessary to have said cars for the immediate transportation of said machine in order to enable him to fulfill a contract which he had made for threshing approximately 1,000 acres of wheat; that said agent promised to procure another car by the day following, but negligently failed to procure a car until July 25, 1921; that by reason of this delay the threshing machine did not arrive at its destination until July 30, 1921; that on account of the delay in the arrival of the threshing machine, occasioned by the carelessness and neglect of the plaintiff in error, he was deprived of the opportunity to fulfill his contracts and was thereby damaged in the sum of $2,047.

Issue having been joined, the case was tried before a jury, and submitted on special issues. In response to issues submitted, the jury found that the railway company did not have knowledge of the purpose for which the cars ordered were to be used, and that one car not being suitable, was the cause or reason for Lechner's not arriving at Kiowa, Kan., in time to comply with his contract to thresh wheat; that on or about July 15, 1921, the defendant in error informed the agent of the railway company that he had contracts to thresh 1,000 acres of wheat, for which he was to receive 20 cents per bushel; and that plaintiff in error was not able to furnish any cars other than were furnished.

Issues Nos. 7, 8, and 9 submitted by the court, and answered by the jury, were as follows:

"Special issue No. 7. Was the defendant guilty of negligence in furnishing to the plaintiff the kind of cars or car it did furnish him? Answer: No.

"Special issue No. 8. Was the cars tendered to the plaintiff at Byers, Tex., suitable to transport the plaintiff's threshing outfit to Kiowa, Kan.? Answer: One was; one was not.

"Special issue No. 9. If you have answered that such car or cars were not suitable, then was the failure of the defendant to furnish cars suitable for such transportation, negligence on the part of the defendant? Answer: Yes."

On the finding of the jury above recited, and other findings not necessary here to mention, the court rendered judgment in favor of defendant in error for the sum of $1,442, which was by the Court of Civil Appeals affirmed.

The evidence shows that on or about July 15, 1921, and at the time defendant in error declined to accept the car which was not suitable, the agent advised him that he would try to procure another car the next morning, but was not able to procure one until July 25, 1921. There is no evidence indicating that defendant in error deposited with the agent or other person one-fourth of the amount of freight charges as provided in article 6681, Revised Civil Statutes, and under the evidence, the issue as to whether the plaintiff in error was negligent in failing to furnish suitable cars was material. On this issue, the verdict is conflicting. In response to special issue No. 7, the jury found that plaintiff in error was not guilty of negligence in furnishing the kind of cars or car it did furnish. This finding applied, not only to the two cars ordered by wire, but also the car furnished on July 25, 1921. Having found that one of the two cars first tendered was not suitable to transport the threshing machine, they in response to special issue No. 9 found that plaintiff in error was negligent in failing to furnish suitable cars. The trial court was not warranted in rendering judgment on these conflicting findings. The court should have required the jury to reconcile this conflict before accepting the verdict, if they could do so, and, if not, should have refused to render judgment on the verdict. Kahn v. Cole (Tex. Civ. App.) 227 S. W. 556; Stoker v. Fugitt (Tex. Civ. App.) 102 S. W. 743; Commerce Milling Co. v. Morris (Tex. Civ. App.) 86 S. W. 73.

We recommend that the judgments of both the district court and Court of Civil Appeals be reversed, and the cause remanded to the district court.

CURETON, C. J. The judgment recommended in the report of the Commission of Appeals is adopted, and will be entered as the judgment of the Supreme Court. We approve the holding of the Commission of Appeals on the questions discussed in its opinion.