**McALLISTER et al. v. GRICE. (No. 372.)**

(Court of Civil Appeals of Texas. Waco. July 1, 1926. Rehearing Denied Oct. 7, 1926.)

**1. Trial ⬅═85.**

Letter *held* admissible as against objection to it as a whole, where parts were admissible.

**2. Malicious prosecution ⬅═58(1).**

In action for wrongful attachment, plaintiff's letter to sheriff giving notice that certain property was claimed as exempt *held* admissible.

**3. Malicious prosecution ⬅═62—In action for wrongful attachment, evidence plaintiff bought some of attached stock back at lower price than actual value held admissible.**

In action for wrongful attachment, evidence that plaintiff bought some of attached stock back at lower price than actual value *held* admissible, since in such case measure of damages was depreciation in value of property while withheld, plus cost incurred in recovering it, rather than its full value.

**4. Malicious prosecution ⬅═66—Where property in which renter had three-fourths interest was attached, rents paid from proceeds should be deducted from reasonable market value to determine value of property taken.**

In renter's action for wrongful attachment on property in which landlord had one-fourth interest, rents paid from proceeds should be deducted from reasonable market value to determine value of renter's property taken.

**5. Malicious prosecution ⬅═66—Measure of actual damages from wrongful attachment held value of unrecovered attached property and amount expended to recover remainder, less amount paid to plaintiff from proceeds of sale.**

Measure of actual damages occasioned by wrongful attachment *held* to be value of unrecovered attached property and amount expended to recover remainder, less amount paid to plaintiff from proceeds of sale under attachment; it being understood that exempt property could not be used to pay debts.

**6. Trial ⬅═337—In action for wrongful attachment, in which jury were instructed to fix actual damages at value of property levied on, findings that damages were less than such value should be set aside.**

In action for wrongful attachment, in which jury were instructed to fix actual damages at value of property levied on, findings that value was $1,880 and damages were $954.75 should be set aside, and new trial granted, and judgment based on latter finding was erroneous,

since finding on material issue could not be disregarded.

Stanford, J., dissenting.

Appeal from District Court, Navarro County; Hawkins Scarborough, Judge.

Action by W. B. Grice against H. B. McAllister and others. Judgment for plaintiff, and defendants appeal. Reversed and remanded.

Richard Mays, of Corsicana, for appellants. Callicutt & Upchurch, of Corsicana, for appellee.

BARCUS, J. In September, 1922, appellee was a tenant on the farms of appellant H. B. McAllister and Mrs. H. C. Tatum. McAllister filed suit in the county court against appellee for debt, and filed application and bond for a writ of attachment, and appellant Clint Pitts, as sheriff of Navarro county, levied the writ upon seven head of mules and horses, one bale of picked cotton, and about ten bales of unpicked cotton on the farms rented by appellee. During the pendency of the suit all of the property levied on was by order of the court sold as perishable property, and the proceeds therefrom paid into the registry of the county court. The suit in the county court resulted in judgment being rendered for McAllister against appellee for $1,099.94, including costs of court, and the proceeds derived from the sale of the property were used to pay said judgment and pay the rental due the landlords of Grice, and the remainder thereof, $262.50, was paid to, and received by, appellee, W. B. Grice.

Thereafter this suit was instituted by appellee against McAllister and his bondsmen and the sheriff and his bondsmen to recover both actual and exemplary damages which he claims to have suffered by reason of said attachment having been wrongfully and maliciously issued and served. The cause was tried to a jury, submitted on special issues, and resulted in judgment being entered for appellee for $692.25 actual damages and $1,250 exemplary damages.

[1, 2] By their first assignment appellants complain of the action of the trial court in permitting appellee to read in evidence a letter which was written by appellee to the sheriff a few days after the writ of attachment was levied. The letter was objected to as a whole. There were certain portions of the letter, especially those portion which gave the sheriff notice that appellee claimed the property as exempt, that were admissible in evidence, and, since the letter was objected to as a whole, and portions thereof were admissible, the assignment is overruled. Dolan v. Meehan (Tex. Civ. App.) 80 S. W. 99; St. L. S. W. Ry. Co. v. Moore (Tex. Civ. App.) 173 S. W. 905.

---

⬅═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[3] Appellants complain of the action of the trial court in refusing to permit them to show by appellee on cross-examination, while he was on the stand, after testifying in his own behalf, that he purchased five head of the stock in controversy from Jordan after same had been sold by the sheriff for the sum of $130.75. The record shows the stock were sold by the sheriff under the attachment proceeding to Jordan for $130.75, and appellants offered to show that appellee purchased the same stock from Jordan for $130.-75. In a suit for conversion, the measure of damages is the loss which the party has suffered by reason of the property having been taken away from him, and, if by any method he thereafter obtains possession thereof, his measure of damages is, not its total value, but the depreciation in its value while it was withheld from him, plus the expense and cost which he incurred in getting said property. Field v. Munster, 11 Tex. Civ. App. 341; Id., 89 Tex. 102, 32 S. W. 417, 33 S. W. 852; Scott v. Childers, 24 Tex. Civ. App. 349, 60 S. W. 775. Grice testified on direct examination that the five horses and mules were worth $550, and the bill of exception shows that, if he had been permitted, he would have testified that he purchased same from Jordan after they were taken from him for the sum of $130.75. Manifestly it would be unjust, as is said in the case of Field v. Munster, supra, to permit appellee to recover the full value of the five head of stock when he had obtained the same five head in as good condition as when taken from him at an expense of $130.75. We sustain this assignment. This testimony was admissible both for the purpose of contradicting appellee as to the value he placed on the stock and for the purpose of proving the correct measure of damages to be applied in this case.

[4, 5] Appellants complain of question No. 14 submitted by the court, and especially that portion which instructs the jury as to the method by which to determine the amount of actual damages; said question being as follows:

"What sum of money, if paid now in cash, would compensate the plaintiff, W. B. Grice, for the actual damages, if any, suffered by him by reason of the wrongful levy of such attachment, if you have found that such levy was wrongful? Answer in dollars.

"You are instructed that, in, determining the amount of actual damages, if any, suffered by the plaintiff, Grice, the same will be the reasonable market value of all the property levied on by McAllister and Pitts at the time the same was levied on, which was September 21, 1922, in its then condition, together with 6 per cent. interest thereon from said date."

We sustain this assignment. The record shows that the cotton that was levied on by Sheriff Pitts was rent cotton; that three-fourths thereof belonged to Grice and one-fourth belonged to the landlords; and the record further shows that the attachment lien had been by the court foreclosed and the property sold and the proceeds derived therefrom applied to the payment of the debt of appellee in part, and the remainder paid in cash to appellee. Appellants were entitled to have the jury deduct from the amount which they found to be the reasonable market value of the property levied on, the rents paid to the landlords, and the amount which appellee had received by payment of the judgment and costs in the county court, and the actual cash which he had received from the sale of said property. The measure of appellee's actual damages, if any, occasioned by the writ of attachment being wrongfully levied was the value of his property that was attached which he did not thereafter recover, and the amount which he was required to expend to recover that portion which he thereafter obtained possession of, less such sums as had been paid to him from the proceeds of the sale under attachment, and the court should have so instructed the jury; it being understood, of course, that the proceeds from the sale of appellee's exempt property could not be used to pay his debts.

[6] Appellants complain of the action of the trial court in rendering judgment on the findings of the jury because of the conflict therein on the material issues submitted. We sustain this assignment. The court, under separate issues, asked the jury to determine the reasonable market value of the ungathered cotton levied upon, the gray mare and mule which died while in the possession of the sheriff, the bale of picked cotton, and the five head of horses and mules that were sold by the sheriff. The jury answered each question separately, making a total value of $1,880 as the actual market value of said property so levied upon. In answer to question No. 14, which is above copied, the jury found that the actual damages suffered by appellee were $954.75. As is seen by the instructions given in connection with question 14, the court instructed the jury to fix the actual damages at the total value of the property levied on. The jury found said total values as $1,880, and then found that the actual damages were only $954.75. There is no way to reconcile the answers of the jury to said questions. One of the material issues to be determined in this litigation was the amount of actual damages, if any, appellee had suffered. Appellee contends that appellants have no ground for complaint by reason of the contradictory findings of the jury and the judgment of the court as entered, because the court credited the smallest amount found by the jury with the $262.50 in cash which appellee received from the county court, and rendered judgment for the least amount possible under any phase of the jury's findings. We cannot agree with this contention. The jury are required to receive the law from

the court. Payne v. Smith (Tex. Civ. App.) 266 S. W. 441. The court positively instructed the jury that in arriving at the amount of damages, if any, they should find the total value of all property levied on, and the jury utterly disregarded this positive instruction. The trial court entered judgment for appellee for actual damages in the sum of $692.25, stating in the judgment that said amount was arrived at by taking the answer of the jury to question 14 and subtracting therefrom the $262.50 which the record shows appellee had obtained in actual cash from the sale of the property after the payment of the judgment of the county court. The trial court cannot disregard the findings of the jury on material issues and render judgment in disregard thereof, and, where the jury's findings are contradictory on material issues, it is the duty of the trial court to set the findings aside and grant a new trial. Grissom v. Lopez (Tex. Civ. App.) 280 S. W. 613; Liverpool & London & Globe Ins. Co. v. Cabler (Tex. Civ. App.) 271 S. W. 441; Wichita Valley Ry. Co. v. Lechner (Tex. Com. App.) 276 S. W. 216; Schaff v. Wilson (Tex. Civ. App.) 269 S. W. 140.

The other questions raised by appellants' brief will not likely arise on another trial. For the errors above indicated, the judgment of the trial court is reversed, and the cause remanded.

STANFORD, J. Not being able to agree with my associates as to all the principles of law announced or the disposition of this case, I hereby file the following dissenting opinion.

Suit was filed by H. B. McAllister against W. B. Grice in the county court on certain notes, and an attachment sued out and levied upon one bale of cotton, also ungathered cotton, horses, and mules. This suit was brought in the district court by appellee, Grice, against appellant McAllister, the sheriff of Navarro county, and the sureties on his bond to recover damages, both actual and exemplary, for the alleged wrongful suing out and levy of said attachment. The case was submitted to the jury on special issues, which being answered favorably to plaintiff, the court entered judgment for appellee for $692.25 actual damages and $1,250 exemplary damages. A further statement of the case will be made in the discussion of appellants' assignments.

Appellants' first contention is that the court erred in admitting in evidence a letter written by appellee's attorneys to the officer who levied the writ of attachment. The record discloses that appellee was a tenant of appellant for the year 1922, and had been for several previous years; that appellant sued appellee in the county court to recover alleged indebtedness for previous years, and at the same time sued out, and had levied, a writ of attachment on appellee's ungathered crop of cotton, one bale of cotton, and some horses and mules. Soon after said levy appellee's attorneys wrote a letter to the officer who made said levy, which was shown to appellant McAllister, notifying said officer that appellee would not hold the attached property as the agent for said officer or for appellant McAllister, and demanding the return of his property, and giving notice that he claimed said property was exempt to him, and not subject to attachment. This letter was not in the nature of an offer to compromise, it was not in the nature of a self-serving declaration; there was no issue of fact as to whether or not said property was exempt, but the purpose of said letter was to give notice to appellant and said officer that appellee was claiming said property as exempt, and demanding its return, and that, if they continued to hold his property under the attachment, they would do so at their own risk; that is, that appellee would not be responsible for the preservation of said property. This letter was admissible in its entirety.

Under other assignments, appellant contends, in effect, that appellee was not entitled to recover for cotton destroyed by stock, because he lived on the place, and could have prevented such depredations by the exercise of ordinary care. It is not contended that appellee left gates open, molested fences, or in any way caused stock to depredate upon said crops. No duty rested upon appellee to protect said crops, and appellant had been notified he would not do so in the letter above referred to. Said property had been taken away from him, and was in the possession of the officer executing the writ of attachment, and appellee would not have been warranted in interfering in any way with the possession of the property by such officer. These assignments should be overruled.

Appellant also contends the court erred in refusing to permit him, on cross-examination of appellee, to prove that five head of his stock were sold under said attachment to Jordan for $130.75, and that he (appellee) afterwards purchased same from Jordan for the same amount. The jury having found the attachment was wrongfully sued out, the measure of appellee's damages as to the stock levied upon and sold was the reasonable market value at the time they were levied upon. Both appellant and appellee recognized this to be the correct rule, and both introduced such evidence, appellee's evidence tending to show said five head were worth about $550, appellant's evidence tending to show the five head (two had died) were worth much less, and appellant sought to prove by appellee on cross-examination that, when the sheriff sold said five head under said attachment, one Jordan bought same for $130.75, and that he (appellee) afterwards purchased same from Jordan for the same amount. There was no contention that Jordan bought

in said stock for appellee; but the insistence is that what said stock sold for, on a forced sale, is a circumstance tending to show what was the reasonable market value at the time they were attached. The jury found the five head at the time attached were worth $375. What attached property sells for at forced sale is not proper evidence of its market value at the time it was attached. The principle of law applied by the majority opinion in sustaining this assignment is not claimed to be raised by either side. No error—at least, no reversible error—is shown, and this assignment should be overruled.

Under other assignments, appellants contend the matters involved herein were litigated in the county court, and that the court was in error in refusing to submit the issue of res judicata, if issuable, and also in failing to give a peremptory instruction for appellant on said issue. The record discloses the county court suit of McAllister v. Grice was filed September 20, 1922, for the recovery of debt evidenced by notes, accounts, and liability for rents extending over several years preceding the year of 1922, but including rents for said year. At the institution of this county court case, appellant, plaintiff in said suit, sued out the writ of attachment, and had same levied upon one bale of cotton, and also appellee's entire crop of unpicked cotton, also nine head of horses and mules, two of which were released as exempt. In appellee's original answer in the county court case, he denied owing various items set up by appellant, plaintiff in that case, and also by cross-bill sought to recover against appellant, plaintiff in that case, various amounts claimed to be due him, extending over the years 1917 to 1922, inclusive, and in this original answer and cross-bill appellee claimed damages for the unlawful attachment of his property in the sum of $1,500, and for the further sum of $100 for attorney's fees, and $500 as exemplary damages. However, this original answer and cross-bill was superseded by an amended answer and cross-bill, on which the case was tried, and in said amended answer and cross-bill none of the matters set up by appellee in this case were pleaded. In other words, the pleading of appellee in the county court case on which said case was tried made no claim whatever for damages resulting from the suing out and levying of the attachment, and no evidence was offered in the trial of the county court case upon the question of damages by reason of the suing out of said attachment. It was not incumbent upon appellee to reconvene for damages to his property by reason of the attachment in the county court. He had the right to bring a separate suit against the officer and the plaintiff in such attachment. In fact, he could not have litigated his claim for damages for wrongful attachment in the county court, as such claim was not within the jurisdiction of said court. Clearly, the matters involved in this suit were not, and could not have been, involved in the county court case. These assignments should be overruled.

Under point 6 appellants contend that special issue No. 14 is erroneous, in that it states an incorrect measure of damages; and under point 7 contend that special issue No. 7 was erroneous in submitting the recoverable damage for five head of stock sold; and under point 8 contend the judgment obtained by appellant against appellee in the county court should have been allowed as an offset against the damages found against appellant in favor of appellee, especially as to damages relating to nonexempt property. The court submitted every possible issue under the pleading and evidence. If the attachment was lawful and the facts authorized its issuance, then appellee would have been entitled to recover of the sheriff and his bondsmen only such damage as resulted from the negligence of the officer in failing to properly care for the property while in his possession. In answer to special issues bearing upon this phase of the case, the jury answered:

"(3) The reasonable market value of the cotton belonging to appellee that was destroyed by stock running in the field, or by failure to gather same after it was levied upon, was $480.

"(5) The defendant (the officer) did not use ordinary care in gathering the crop belonging to the plaintiff and in protecting the same from stock.

"(2) The reasonable market value of the gray mare and the mule which died, in the condition in which they were when levied on by the defendant, was $125.

"(4) The defendant (officer) did not use ordinary care in looking after the stock which died, mentioned in question 2."

So, if the attachment had been rightfully sued out, and the property had been subject to attachment, the two items above mentioned would have been the measure of appellee's recovery. But, as other findings established the fact that said writ was wrongfully sued out, said findings thereby became unimportant, and may be eliminated from further consideration, except as same fix the value of the animals that died. If said attachment was wrongfully sued out, then the measure of appellee's damages was the reasonable market value of the property levied upon by the officer at the time same was levied upon, together with 6 per cent. interest on same from the date of said levy. Upon this phase of the case the jury made the following findings, in substance:

"That prior to the time the affidavit for the attachment was made:

"(8) Appellee did not convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors.

"(9) The appellee was not about to remove his property, or a part thereof, out of Navarro county with the intention to defraud his creditors.

"(10) The appellant McAllister did not have

probable cause for believing, and did not believe, that appellee was about to convert his property, or a part thereof, into money for the purpose of placing it beyond the reach of his creditors.

"(11) That appellant McAllister did not have probable cause for believing, and did not believe, that appellee was about to remove his property, or a part thereof, out of Navarro county with the intention of defrauding his creditors.

"(12) That the appellant McAllister sued out the attachment for the purpose of injuring and harassing the appellee, Grice.

"(13) That the appellant McAllister did not believe at the time he sued out the attachment that unless he procured same he would probably lose his debt."

"Issue No. 1: The reasonable market value of the ungathered cotton belonging to W. B. Grice at the date it was levied upon in its then condition was $1,260. This is net to Grice, total $1,680."

"Issue No. 6: The reasonable market value of the bale of cotton that was picked and in Grice's yard at the time it was levied upon was $120.

"Issue No. 7: The reasonable market value of the five head of horses and mules that were levied upon and afterwards sold was $375."

It will thus be seen the total value of appellee's part of the unpicked cotton was $1,260, his three-fourths of said bale $90, and the value of seven head of horses and mules, five that were sold, $375, and two that died while under levy, $125, making a total value of the property levied upon of $1,850. Appellant received from the proceeds of the sale of all said property made under order of sale issued in the county court case $511.66 in satisfaction of his county court judgment, the gathering and marketing of the crop, $281.95, officer's costs for caring for said property, $56.43, and court costs, $47.48, making a total of $897.52. There was not, and could not be, any controversy about these items. They had been adjudicated and established against appellee by the county court judgment, and the aggregate amount, to wit, $897.52, thereby became a legal obligation against appellee, as evidenced by a judgment of a court of competent jurisdiction. This county court judgment for $511.66, also the said items of costs, which were a part of said judgment, aggregating $897.52, were all paid out of the proceeds of the sale of said attached property, and the remainder, $262.50 in cash, had been paid to appellee. So appellee, Grice, had already received from the proceeds of the sale of his attached property the benefit of the payment of this county court judgment and court costs amounting to $897.52, and $262.50 cash. This county court judgment, items of costs, and cash payment to appellee had been pleaded in this case by appellant as an offset against any judgment for damages that appellee might recover against him. The judgment record of the county court, showing all of said items, and that appellee

had received the benefit of the payment of same, was introduced in evidence, and was before the jury, and was doubtless discussed by counsel in their argument to the jury. In answer to issue No. 1, set out above, the jury found the reasonable market value of Grice's part of the ungathered cotton when levied on was $1,260, and, in reply to issue No. 6, that the reasonable market value of the bale was $120, or $90, to Grice, in reply to issue No. 7, that the reasonable market value of the five head of horses sold was $375, and, in reply to issue No. 2, that the reasonable market value of the two animals that died was $125, or a total of $1,850. There was not much controversy about the reasonable market value of appellee's property at the time it was levied upon. The return on the order of sale shows that Grice's three-fourths of the cotton and cottonseed sold for $1,358.50, and horses and mules for $130, making a total that appellee's interest sold for of $1,488.50, and, in response to the third issue, the jury found that the value of the cotton that was destroyed by stock or by failure to gather was $480. The fourteenth issue was:

"What sum of money, if paid now, in cash, would compensate the plaintiff, W. B. Grice, for the actual damages, if any, suffered by him by reason of the wrongful levy of such attachment, if you have found such levy was wrongful? Answer: $954.75."

The questions above referred to were: What was the reasonable market value of appellee's property at the time it was levied upon? The jury answered this question, $1,850, giving the value of the different items making the $1,850. That this finding is not excessive is evident, for the property sold at sheriff's sale for close to the same amount. In the fourteenth issue, the question was not what was the reasonable market value—it was not a question of value at all—but the question was: "What sum of money, if paid now in cash, would compensate Grice," etc. This question was equivalent to asking: "What is the balance due Grice necessary to compensate him," etc. The jury had before them the fact, both pleaded and doubtless argued, that appellee had already received in payment of his obligations in the county court case $897.52 of the proceeds of the sale of said property, and so they deducted this, and answered the amount necessary to make appellee whole, $954.75. The findings of a jury should be construed in the light of the surrounding circumstances. Pickrell v. Imperial Pet. Co. (Tex. Civ. App.) 231 S. W. 412. In estimating the amount necessary to compensate appellee at the time of trial, the jury evidently gave appellant credit for all the items to which he could possibly have been entitled, even if the cotton levied upon in the field was not exempt property. The question of exemption of the ungathered cotton at the time it was levied upon is not

raised. I think, clearly, the answer to the fourteenth special issue is not contradictory of the answers to other issues finding the reasonable market value. Again, since the jury found that the attachment was wrongfully sued out, and found the reasonable market value of the property at the time it was levied upon, and the county court judgment established the credits to which appellant was entitled, the fourteenth special issue was wholly unnecessary, presented no question of fact, and the amount necessary to compensate Grice required only a simple subtraction, and the court had the right to disregard said finding (Hill v. Hoeldtke et al., 104 Tex. 594, 142 S. W. 871, 40 L. R. A. [N. S.] 672; I. & G. N. Ry. Co. v. Berthea [Tex. Civ. App.] 179 S. W. 1087; Lofland v. Greenwood [Tex. Civ. App.] 181 S. W. 517; Texas City Transp. Co. v. Winters [Tex. Civ. App.] 193 S. W. 366), and to proceed to deduct from the value of the property attached, as found by the jury, the items as shown by the county court judgment which appellant was entitled to have credited, and to render judgment for the remainder; but, if the court had done so, he would have reached the same result as was reached. From this verdict of $954.75, the trial court deducted $262.50, the cash which was received by appellee, being the remainder of the proceeds of the sale under the county court judgment after all of appellant's demands were satisfied, leaving the amount of the judgment for actual damages $692.25. Clearly, it is thought, appellant shows no ground for complaint.

In addition to the findings of the jury above set out, in response to special issue No. 15, the jury found the defendant McAllister was actuated by malice at the time he sued out the writ of attachment and made the affidavit therefor, and under proper instructions of the court the jury found for appellee exemplary damages in the sum of $1,250. The evidence is sufficient to sustain all the findings of the jury.

The writer is of the opinion there is no reversible error in this case, and that it should be affirmed.